## (May 16, 1968)

■ In the Matter of the Arbitration between SHARON ASKEY, Appellant, and GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Respondent.— Order reversed, with costs and motion denied. Memorandum: We are unanimous in constructing subdivision 2-a of section 167 of the Insurance Law to include uninsured motorcycles in the term "uninsured motor vehicle". It is significant that the section refers only to "motor vehicles" and makes no reference to "automobiles". The policy itself makes various exclusions for damages sustained from the operation of an "uninsured automobile", such as "a land motor vehicle or trailer if operated on rails or crawler-treads * * * a farm type tractor or equipment designed for use principally off public roads" and other exclusions, but none excludes a motorcycle. "If the intent was to exclude liability [for motorcycle accidents] * * * it would have been easy to say so" (Greaves v. Public Serv. Mut. Ins. Co., 5 N Y 2d 120, 125). Subdivision a of section 601 of the Insurance Law states that "'Motor vehicle' shall be as defined in section one hundred twenty-five of the vehicle and traffic law except that it shall also include * * * motorcycles". The acknowledged purpose of the Motor Vehicle Accident Indemnification Corporation Law is to fill the gaps in the compulsory automobile insurance plan. It is specifically so stated in section 600 of the Insurance Law (McCarthy v. MVAIC, 16 A D 2d 35, 37, 38, affd. 12 N Y 2d 922). "Following the rule that the terms of an insurance policy will receive the construction most favorable to the insured (Sperling v. Great Amer. Ind. Co., 7 N Y 2d 442)" (Matter of Vanguard Ins. Co., 18 N Y 2d 376, 381) we hold that the policy provides coverage where the involved vehicle is a motorcycle. Our difference arises from that provision of the statute (Insurance Law, § 167, subd. 2-a) which provides recovery for damages "caused by accident occurring in this state". We cannot agree with the dissenting position that this language bars recovery because the accident

happened in Canada. The last sentence of 2-a provides that "Any such policy which does not contain the aforesaid provision [i.e., indemnification for injury by uninsured vehicles] shall be construed as if such condition were embodied therein." The denial of liability because the accident occurred in Canada runs contrary to the recent conceptual determinations of this question (*Babcock* v. *Jackson*, 12 N Y 2d 473; *Macey* v. *Rozbicki*, 18 N Y 2d 289; *Matter of Clark*, 21 N Y 2d 478; *Miller* v *Miller*, 22 N Y 2d 12). It is conceded that petitioner-appellant is a resident of New York State, as is the operator of the motorcycle upon which she was a passenger. The vehicle carried an improper New York license plate. No claim is made by respondent that the vehicle was not "principally garaged or principally used in this state." Furthermore, the policy provides that the word "state", as used in the policy "includes * * * a province of Canada." The following quotation from *Farber v. Smolack* (20 N Y 2d 198, 204) construes the words "in this state" as we believe they should be construed in the case at bar: "Nor should we place undue emphasis on the term to which reference has been made 'in this state' in the statute. It is clear that in adding the words 'in this state' to the predecessor of subdivision 1 of section 388 (§ 59) in 1958 (L. 1958, ch. 577), the Legislature was not concerned with extraterritorial effect. It was substituting 'in this state' for the former words 'upon a public highway' in order to cover the situation of an accident on private roadways and parking lots (1958 Report of N. Y. Law Rev. Comm. [N. Y. Legis. Doc., 1958, No. 65], pp. 589–590)." Respondent's motion to stay arbitration should have been denied. All concur, except Bastow and Marsh, JJ., who dissent and vote to affirm, in the following Memorandum: Petitioner, a resident of New York, was injured when she was thrown from a motorcycle on which she was a passenger which was being operated by one De Blasis, also a resident of New York, in the Province of Ontario, Canada. The motorcycle was uninsured at the time of the accident September 10, 1966. On appeal from an order staying arbitration we must determine whether petitioner's policy with respondent provides coverage of the accident here involved under Part IV captioned "Protection against uninsured motorists". The applicable policy provisions which make reference only to "uninsured automobiles" cannot be construed as in any way restricting the protection afforded a policy holder (Insurance Law, § 167, subd. 2-a) against "uninsured motor vehicles". We are all in agreement that uninsured motorcycles come within the provisions of subdivision 2-a of section 167 of the Insurance Law as they pertain to "uninsured motor vehicles". The requirements of the section by the very terms of the statute however are restricted to injuries "sustained by the insured, caused by accident occurring in this state". The policy provisions extending protection to "uninsured automobiles" causing injury to the insured in the United States or in Canada cannot be construed as extending protection to the insured here because under no reasonable definition of the word can the word automobile within the context of the policy be deemed to include a motorcycle. Thus neither the restricted language of the policy nor the application of the mandatory requirements of the statute to the policy brings the petitioner within the risk insured against. The order staying arbitration should be affirmed. (Appeal from order of Erie Special Term, staying arbitration.) Present — Williams, P. J., Bastow, Goldman, Marsh and Henry, JJ.