■ WILLIAM GEIGER et al., Appellants, v. INSURANCE COMPANY OF NORTH AMERICA, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered July 27, 1971 in Albany County, which denied a motion by plaintiffs for summary judgment and granted a cross motion by defendant for summary judgment dismissing the complaint. This declaratory judgment action raises the question of whether defendant's homeowner's policy provides coverage of an incident complained of in a complaint served on plaintiffs by one Nancy Graver as natural guardian of Louis Graver, an infant. The policy issued by defendant to plaintiffs obligated the insurer to pay all sums which the insured would become legally obligated to pay as damages because of bodily injury or property damage, with certain exclusions. The Graver complaint alleges that plaintiffs (Geiger) owned a mini-bike which was operated by their infant son with their permission and consent; that while the said Louis Graver was lawfully upon a new street in the Town of Colonie, the infant son of plaintiffs (Geiger) operated said mini-bike in such a careless, reckless and negligent manner as to cause the said Louis Graver to fall down and sustain injuries. Special Term granted summary judgment to defend on the ground that the alleged incident was excluded from the homeowner's policy. It has been clearly established that a motorized bicycle is a motor vehicle within the meaning of the Vehicle and Traffic Law (*Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 A D 2d 114, affd. 31 N Y 2d 830). It was also held in the *Lalomia* case that the homeowner's policy (issued by the same defendant and containing an identical exclusion clause as that found in the policy here involved) excluded from its coverage the "ownership, maintenance, operation or use of the motorized bicycle", due to the fact the accident took place some three to four blocks from the insured premises. (*Lalomia* v. *Bankers & Shippers Ins. Co.*, supra, p. 117.) We find no acceptable proof in the instant case as to where the accident occurred. Triable issues of fact exist and, consequently, Special Term erred in granting summary judgment to defendant. Order modified, on the law, by reversing the grant of summary judgment in favor of defendant, and, as so modified, affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Kane, JJ., concur.