■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Respondent, v. BARRY M. KATCHER, Respondent, and ROYAL-GLOBE INSURANCE COMPANY, Appellant. — Order, Supreme Court, New York County, entered on May 17, 1973, denying appellant's motion for a stay of arbitration and ordering that Public Service Mutual Insurance Company and Royal-Globe Insurance Company are coinsurers with regard to respondent Katcher's claim, unanimously modified, on the law, so as to stay arbitration against Royal-Globe Insurance Company and provide that Royal-Globe Insurance Company's policy affords no coverage to respondent Katcher and that the sole coverage is provided by Public Service Mutual Insurance Company. Appellant shall recover of petitioner-respondent $40 costs and disbursements of this appeal. On August 2, 1969 respondent Katcher, while operating a motorcycle owned by him and insured by Public Service, was involved in an accident with an uninsured automobile. Public Service's policy contained an uninsured motorist provision in the statutory limits of $10,000 per person. At the time of the accident Katcher also owned a Buick automobile which was insured by Royal-Globe under a family automobile insurance policy. Katcher demanded arbitration against both Public Service and Royal-Globe. Both insurance companies moved to stay arbitration and for a determination as to their respective liabilities. Royal-Globe's policy provides as follows: "PART IV — PROTECTION AGAINST UNINSURED MOTORISTS ✳ ✳ ✳ EXCLUSIONS. This policy does not apply under Part IV: (a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile." Thus, Royal-Globe's policy provides that no coverage exists if the insured is occupying an automobile other than the insured automobile owned by the named insured. As Katcher was operating a motorcycle owned by him at the time of the accident, no coverage exists under Royal-Globe's policy. The coverage for uninsured motorist protection is available to him up to the statutory limits under Public Service's policy on "the other automobile" (the motorcycle) Katcher was occupying. For the purposes here involved, a motorcycle is a motor vehicle. (See *Matter of Askey* [*General Acc. Fire & Life Assur. Corp.*], 30 A D 2d 632, affd. 24 N Y 2d 937.) We do not reach the "Other Insurance" clause which provides for excess coverage over any other similar insurance but only if the insured is injured while occupying an automobile not owned by the named insured. This court has, however, recently interpreted an "Other Insurance" clause identical with the one in the instant case in *Matter of Public Serv. Mut. Ins. Co.* v. *Cross* (38 A D 2d 930). Therein it was held that since the limit of liability under the uninsured motorist provisions of the policies issued by the two insurance companies were the same (as in the instant case) the "Other Insurance" clause did not afford excess coverage. (See, also, *Matter of Travelers Ins. Co.* v. *Case,* 36 A D 2d 833;

*Cohen* v. *Liberty Mut. Ins. Co.*, 35 A D 2d 719; and *Matter of Globe Ind. Co.* [*Baker*], 22 A D 2d 658.). Concur — McGivern, P. J., Markewich, Nunez, Tilzer and Lane, JJ.