■ In the Matter of the Arbitration between Michael E. Len, Respondent, and Lumbermens Mutual Casualty Company, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered March 17, 1980 in Albany County, which denied a stay of arbitration. On May 19, 1979, claimant was riding as a passenger on a motorcycle owned and operated by Gregory Darwak. The motorcycle collided with a wooden barrier astride a pathway in Lansing Park in the City of Cohoes, causing claimant to be ejected from the vehicle thereby sustaining serious personal injuries. Within 90 days of the event, claimant served a verified notice of claim on his father's insurance carrier particularizing the facts relating to the accident and the full extent of his injuries. Approximately five months later, claimant, not having received a response from petitioner, filed a demand for arbitration pursuant to the provisions of the Motor Vehicle Accident Indem-

nification Corporation Law (Insurance Law, art 17-A), said claim being premised on the fact that claimant resided with his father who was the holder of an automobile liability policy which contained the uninsured motorist indorsement (Insurance Law, § 167). The insurer petitioned to stay arbitration (CPLR 7503, subd [b]) on the ground that claimant had not satisfied the conditions precedent for such a claim. The insurer's contention that claimant failed to give satisfactory details of the nature and extent of his injuries is without merit. The injuries were set forth in the claim and the petitioning insurer never made any request for additional particularization. Next, the burden of proving that the subject vehicle was uninsured is on the insurer, not, as petitioner contends, on the insured *(Matter of Kuhn [MVAIC],* 31 AD2d 707). A preliminary hearing would be required only in the absence of a positive statement by claimant that the vehicle was uninsured coupled with a supportable contention by the insurer that the status of insurance was in doubt *(Matter of Hall [Royal Ind. Ins. Co.],* 34 AD2d 1090). No facts challenging claimant's uninsured status were advanced by the insurer. Lastly, subdivision 2-a of section 167 of the Insurance Law included uninsured motorcycles in the term "uninsured motor vehicles" *(Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 AD2d 632, affd 24 NY2d 937; see, also, Insurance Law, § 601, subd [a]), and it matters not that the accident occurred on private rather than public property *(Matter of Hall [Royal Ind. Ins. Co.], supra).* Order affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.