■ In the Matter of HOME MUTUAL INSURANCE COMPANY OF BINGHAMTON, Appellant, v STANLEY MARLIN, Respondent. — In a proceeding to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Westchester County (Walsh, J.), dated January 6, 1981, which, after a hearing, *inter alia,* denied the application and granted permission to the respondent to proceed to arbitration. Judgment affirmed, with costs. On June 14, 1979 respondent was struck by a vehicle and sustained bodily injuries as he was exiting from the school where he was employed. He was unable to identify the type of vehicle which had hit him, since he had suffered a period of amnesia. The school principal was informed by several students that one Ernest Torres had run over respondent with a moped and then had fled the scene. Ernest Torres subsequently admitted the accident but was unable to be produced as a witness at a preliminary hearing. A motorized bicycle constitutes an uninsured motor vehicle within the meaning of the uninsured motorist endorsement contained in the insurance policy issued to respondent (see *Lalomia v Bankers & Shippers Ins. Co.,* 31 NY2d 830, affg 35 AD2d 114 on opn at App Div; *Geiger v Insurance Co. of North Amer.,* 41 AD2d 796). Respondent has presented " 'some reasonably persuasive evidence of noninsurance' ", while petitioner has presented no evidence to the contrary *(Matter of Albohn v Allstate Ins. Co.,* 51 AD2d 797). As such, the application for a permanent stay of arbitration was properly denied, and respondent is entitled to proceed to arbitration. Rabin, J. P., Cohalan, Weinstein and Thompson, JJ., concur.