■ In the Matter of WILLIAM C. ST. JOHN, JR., as Administrator of the Estate of DARREL R. KENYON, Deceased, Respondent. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. — Appeal from an order of the Supreme Court at Special Term (Cholakis, J.), entered January 5, 1984 in Rensselaer

County, which granted petitioner's application pursuant to subdivision (C) of section 5208 of the Insurance Law for leave to file a late notice of claim with the Motor Vehicle Accident Indemnification Corporation.

The issue presented on this appeal is whether petitioner is a "qualified person" within the meaning of section 5202 (subd [A], par 2) of the Insurance Law and thus entitled to proceed against the Motor Vehicle Accident Indemnification Corporation (MVAIC) to recover damages for the wrongful death of decedent. We conclude that petitioner has failed to establish that decedent was such a "qualified person". The order of Special Term granting petitioner's application for leave to file and serve a late affidavit and notice of claim with MVAIC should therefore be reversed and the application denied.

Petitioner's claim arose when decedent, Darrel R. Kenyon, died on August 6, 1983 as a result of injuries sustained in a motorcycle accident on that date. Decedent was a passenger on an uninsured motorcycle operated by Jay K. Palmateer. At the time of his demise, decedent lived with his parents who had in force an automobile insurance policy with an indorsement for uninsured motorist coverage. However, their insurance company claimed that there was "no uninsured motorists" coverage for this accident due to the fact this was a "motorcycle accident".

On November 6, 1983, petitioner, the chief fiscal officer of Rensselaer County, was appointed administrator of the estate of decedent, who, although unmarried, had been adjudicated the father of a child born out of wedlock. On November 17, 1983, since more than 90 days had elapsed from the accident date, petitioner applied for leave to file and serve a late affidavit and notice of claim for wrongful death with MVAIC under subdivision (C) of section 5208 of the Insurance Law. MVAIC resisted the application by asserting that petitioner failed to present facts showing that he was a "qualified person" as defined by section 5202 (subd [A], par 2) of the Insurance Law. Special Term granted petitioner's application and this appeal by MVAIC ensued.

MVAIC was created to aid in closing the gaps of the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6; see Insurance Law, § 5201, subd [B]; *Matter of Wallace v MVAIC,* 25 NY2d 384, 388), and it provides, *inter alia,* protection to "[a]ny qualified person having a cause of action because of death" due to a motor vehicle accident caused by an uninsured motorist (Insurance Law, § 5208, subd [A], par 1). The Insurance Law affords protection to "insured" and "qualified" individuals (Insurance Law, § 5201 *et seq.*). However, these two categories

are mutually exclusive (*Matter of Rice v Allstate Ins. Co.*, 32 NY2d 6, 10; *Matter of Wallace v MVAIC, supra,* pp 386-387). An "insured" must recover under the uninsured motorist clause required in all insurance policies (Insurance Law, § 167, subd 2-a) or, lacking such status, resort to a suit against MVAIC. An "insured" includes anyone who is protected by the uninsured motorist indorsement which is required in all policies issued in New York (Insurance Law, § 5202, subd [A], par 9; § 167, subd 2-a). If the indorsement is not expressly included, it will be implied (Insurance Law, § 167, subd 2-a). Uninsured motorist indorsements cover, *inter alia,* the named insured and, while residents of the same household, his spouse and the relatives of either (30 NY Jur, Insurance, § 1246, p 688).

Since decedent lived in the same house with his parents and his parents had an insurance policy with the required uninsured motorist indorsement, it appears that decedent was an "insured" and, therefore, not entitled to recover against MVAIC. Petitioner's claim that he is not "insured", and thus "qualified", based on the letter from the insurance company alleging there was no uninsured motorist coverage because this was a motorcycle accident, is unpersuasive. Motorcycles are not statutorily exempted from uninsured motorist coverage (*Matter of Len [Lumbermens Mut. Cas. Co.],* 80 AD2d 682; *Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 AD2d 632, affd 24 NY2d 937). Moreover, the uninsured motorist indorsement is to be construed in favor of inclusion in determining whom it covers (see *Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581, 586). We note that petitioner never produced the insurance policy in question as evidence that decedent was not an "insured". The evidence produced by petitioner was insufficient to establish that decedent was not an "insured".

Finally, we note that the parties did not raise or discuss the issue of whether the application of petitioner was premature since it has been held that a cause of action for wrongful death in such circumstances does not accrue until the appointment of an executor of an administrator (see *Matter of Sellars v MVAIC,* 20 AD2d 350, 353). Consequently, we do not address that issue.

Order reversed, on the law, without costs, and petitioner's application denied. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.