OPINION OF THE COURT
F. Warren Travers, J.
Defendant has moved for summary judgment dismissing the complaint against it. Plaintiff has cross-moved for summary judgment in his favor. The complaint seeks a judgment declaring the plaintiff entitled to no-fault insurance benefits.
The court must determine whether the operator of an all- *786 terrain vehicle which is involved in an accident with a motor vehicle is entitled to no-fault insurance benefits under article 51 of the Insurance Law.
The plaintiff, J. Edmond Guay, Jr., was the owner and operator of a 1987 Suzuki four-wheel all-terrain vehicle. On or about July 30, 1987, plaintiff’s all-terrain vehicle (ATV) was involved in an accident with a 1980 Plymouth automobile owned by Randy L. Paulo and insured by defendant. The accident allegedly occurred when the defendant’s insured’s vehicle was in collision with plaintiff’s all-terrain vehicle at an unmarked intersection in the Village of Valley Falls, New York. As a result of the collision, plaintiff sustained severe injuries and incurred medical expenses exceeding $30,000.
Plaintiff was charged with certain violations of the law and on December 2, 1987, a judgment of conviction was entered in the Town Court of the Town of Pittstown, New York, against the plaintiff for operating an uninsured ATV; driving while intoxicated and operating an unregistered ATV.
On or about September 22, 1987, the plaintiff filed an application for no-fault insurance benefits with the defendant, New York Central Mutual Fire Insurance Company. On or about October 20, 1987, the defendant denied plaintiff’s claim for no-fault insurance benefits asserting as the grounds for such denial that the plaintiff was not "an eligible injured person” and further stating the "Plaintiff’s All Terrain Vehicle was not designed or intended for on the road use, is required to carry financial security and consequently it is a limited use motorcycle for purposes of the no-fault law”.
An action was commenced in early January 1988 contesting such denial. Thereafter, defendant issued a supplemental denial upon the additional grounds that plaintiff was not entitled to first-party benefits due to his intoxication at the time of the accident.
Whether the operator or occupant of an all-terrain vehicle involved in an accident with a motor vehicle is entitled to no-fault insurance benefits depends strictly upon statutory law. Section 5103 of the New York State Insurance Law provides that
"(a) Every owner’s policy of liability insurance issued on a motor vehicle in satisfaction of the requirements of article six or eight of the vehicle and traffic law shall also provide for * * * the payment of first party benefits to:
"(1) Persons, other than occupants of another motor vehicle *787 or a motorcycle, for loss arising out of the use or operation in this state of such motor vehicle.”
The only exception within this mandate is the occupant of another motor vehicle or a motorcycle.
The issue in this case turns on the definition of "motor vehicle” under either the Insurance Law or the New York State Vehicle and Traffic Law. Motor vehicle is defined in subdivision (f) of section 5102 of the New York State Insurance Law as follows: " 'Motor vehicle’ means a motor vehicle as defined in section three hundred eleven of the vehicle and traffic law and also includes fire and police vehicles.” Section 311 (2) of the Vehicle and Traffic Law defines the term motor vehicle as the term defined in section 125 of the Vehicle and Traffic Law, with certain exclusions which are not relevant in this case. Section 125 of the Vehicle and Traffic Law sets forth the definition of motor vehicles: "Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except (a) electrically-driven mobility assistance devices operated or driven by a person with a disability, (b) vehicles which run only upon rails or tracks, (c) snowmobiles as defined in article forty-seven of this chapter, and (d) all terrain vehicles as defined in article forty-eight-B of this chapter.” Plaintiff’s 1987 Suzuki all-terrain vehicle is an all-terrain vehicle as the term is defined in article 48-B of the Vehicle and Traffic Law.
Defendant argues that it was the intent of the Legislature to exclude occupants of ATVs from entitlement to first-party benefits. Defendant bases this argument upon the fact that the Legislature specifically adopted an amendment to section 5103 (f) of the Insurance Law to require owners of ATVs to obtain insurance. Such insurance, however, does not provide first-party benefits to the occupants of such ATV. This is similar to the exclusion mandated for occupants of motorcycles.
The Legislature, while it amended Insurance Law § 5103 (f), did not amend section 5103 (a) (1). A plain reading of section 5103 (a) (1) does not exclude occupants of all-terrain vehicles for first-party benefits. The law is clear and unambiguous on its face. The court need not consider legislative history or intent. If the Legislature intended to amend the law as defendant argues, it would have done so at the same time it amended section 5103 (f).
The court concludes that a plain reading of section 5103 (a) (1) does not exclude occupants of all-terrain vehicles from entitlement to first-party benefits.
*788 Defendant argues further that the conviction of plaintiff of driving while intoxicated mandates the conclusion, as a matter of law, that plaintiffs injuries resulted from his operation of the ATV in an intoxicated condition, thereby denying plaintiff first-party benefits. Section 5103 (b) (2) requires that the person "Is injured as a result of operating a motor vehicle while in an intoxicated condition”. Intoxication per se is not sufficient to deny first-party benefits. There must be a causal connection between the intoxication and the injury.
In this case, plaintiff does not deny that he was intoxicated. The assertion is made that the accident was caused by defendant’s insured’s driving without lights and speeding. Defendant asserts the accident was caused by plaintiffs driving without lights and his intoxication.
Clearly, there is a factual issue concerning the proximate cause of the accident and resultant injuries suffered by plaintiff. 11 NYCRR 65.15 (l) (2) (i) requires an insurer to pay first-party benefits where coverage has been excluded for an applicant operating a vehicle while in an intoxicated condition if such intoxication was not a contributing cause of the accident causing the injuries.
The motion for summary judgment dismissing the complaint is denied.
Plaintiffs cross motion for summary judgment is also denied upon the basis of unresolved factual issues concerning the cause of the accident.
Plaintiff also asserts that the supplemental denial is untimely. Defendant contends that the denial is timely pursuant to 11 NYCRR 65.15 (f) (5). Such regulation states, "Failure by an insurer to notify the applicant of its denial of the claim within the 10-business-day period after its determination shall not preclude the insurer from asserting a defense to the claim which is based upon the reasons for the denial.”
This court concludes that the defendant may raise, as a defense to the no-fault benefit claim, that the plaintiffs intoxication is the cause of the accident.
All papers are returned to plaintiffs attorney for submission of an order directly to chambers without notice, denying the motion and cross-motion, without costs.