■ In the Matter of JEFFERSON INSURANCE COMPANY OF NEW YORK, Appellant, v ROBERT GOVE, Respondent.—In a proceeding for a permanent stay of arbitration of the respondent's uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Christ, J.), dated November 1, 1989, which denied the application.

Ordered that the order is reversed, on the law, with costs, the application is granted, and arbitration is permanently stayed.

On July 24, 1988, the respondent Gove was injured by a hit-and-run driver while driving on a motorcycle on the Cross Island Parkway. The respondent's driver's license had been revoked at the time. The respondent filed a demand for arbitration pursuant to the terms of the uninsured motorist endorsement of a policy with the petitioner Jefferson Insurance Company, the carrier that issued the policy covering the motorcycle. The petitioner sought to stay arbitration based upon an exclusion in the policy which provided that the endorsement did not apply "to bodily injury to an insured while operating an automobile in violation of an order of suspension or revocation". The respondent argues that he was not operating an "automobile" at the time of the accident, and so the exclusion does not apply.

Pursuant to Insurance Law § 3420 (f) (1) and the policy considerations behind it, New York has consistently expanded the plain meaning of the word "automobile" to encompass a motorcycle in order to permit recovery by a person injured by an uninsured motorist *(see, Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581; *Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 AD2d 632, *affd* 24 NY2d 937). In the present case, it is necessary to determine the effect to be given the term "automobile" when used in an exclusion of an uninsured motorist endorsement of the policy issued to a

motorcycle owner. The respondent set forth various fundamental principles of contract law and canons of construction, arguing that the exclusion does not apply. In *Matter of Country-Wide Ins. Co. v Wagoner (supra),* the Court of Appeals noted that it is the circumstances that govern the application of particular words. Accordingly, we hold that the Supreme Court erred in denying the petitioner's application to stay the respondent's uninsured motorist arbitration. To accept the respondent's interpretation of the term "automobile" in the exclusion would essentially obliterate the effect of that provision and effectively remove it from the policy. First and foremost, it must be remembered that the insurance policy was issued to provide insurance coverage to a motorcycle owner. The respondent's interpretation of the exclusion would allow him to operate, with a suspended or revoked license, the vehicle for which the policy was issued and the exclusion was meant to cover. Moreover, affording the term "automobile" two distinct interpretations within a single policy, depending upon the portion of the policy in which it appears, would lead to unnecessary confusion. Kooper, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.