In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent, v CHRISTINE RICCADULLI, Appellant.

Second Department, October 26, 1992

APPEARANCES OF COUNSEL

*Eppinger Reingold & Fremont,* Larchmont *(Ronald M. Eppinger* of counsel), for appellant.

*Joseph F. Spencer,* Bronxville, for respondent.

**OPINION OF THE COURT**

MILLER, J.

The issue to be determined on this appeal concerns the scope of coverage under a policy of automobile liability insurance bearing a standard New York uninsured motorist endorsement. The precise question before us is whether such an endorsement provides uninsured motorist coverage to the minor daughter of an insured where the child is injured as a result of an accident involving an uninsured all-terrain vehicle. For the reasons that follow, we hold that coverage does exist. Thus, we reverse the judgment which permanently stayed arbitration of the appellant's uninsured motorist claim.

I

The facts underlying this appeal are not in serious dispute. On April 20, 1989, Christine Riccadulli was riding as a passenger on the rear of an uninsured all-terrain vehicle (hereinafter ATV) being operated by her 15-year-old neighbor, Michael Parado, upon property owned by a local school and abutting the rear of the adjacent Riccadulli and Parado properties. Michael Parado lost control of the three-wheeled ATV and drove it into a tree. As a result of the impact, Christine Riccadulli sustained a broken left femur.

Christine's father, Ronald Riccadulli, filed a claim pursuant to the uninsured motorist endorsement of the policy of automobile insurance issued by the petitioner Nationwide Mutual Insurance Company (hereinafter Nationwide) covering the Riccadulli family automobile. Pursuant to the standard uninsured motorist endorsement contained in the automobile policy, Nationwide agreed to pay damages for bodily injury caused by uninsured automobiles suffered by the insured or members of his household. The policy defined "uninsured automobile" as an "automobile" which is not covered by a policy of insurance or self-insurance bond as provided for by the New York Motor Vehicle Financial Security Act. The endorsement excluded from its definition of uninsured motor vehicles, vehicles owned by the insured or spouse, self-insured

vehicles, government-owned vehicles, farm tractors and like farm equipment, and certain other land motor vehicles not relevant herein. Thus, the policy did not expressly define the term automobile nor did it expressly exclude ATV's from the definition of an uninsured automobile.

Following her father's service upon Nationwide of his uninsured motorist claim, Nationwide interviewed Christine Riccadulli concerning the circumstances of the accident. Thereafter, a demand for arbitration was filed on behalf of Christine Riccadulli, to which Nationwide responded by seeking a stay. Notwithstanding that its exclusions did not expressly deny coverage for accidents involving uninsured ATV's, Nationwide sought to disclaim coverage on this basis. Nationwide argued that an ATV was not an automobile as defined in the policy. Nor was it a motor vehicle as defined in Vehicle and Traffic Law § 125. Therefore, since an ATV was neither an automobile nor a motor vehicle, it could not be an uninsured automobile for purposes of the uninsured motorist endorsement. In opposition, Christine Riccadulli asserted that Nationwide's attempt to disclaim coverage was untimely (see, Insurance Law § 3420 [d]). She further contended that the undefined term "automobile", as used in the policy, did not exclude ATV's since ATV's are required to be covered by policies of liability insurance if operated on land other than that owned by the ATV owner (Vehicle and Traffic Law § 2407). Finally, Christine Riccadulli argued that an ATV could be construed to be an automobile for purposes of an uninsured motorist endorsement, just as other decisions had broadly construed motorcycles and motor scooters to be automobiles.

In reply, counsel for Nationwide conceded that pursuant to Vehicle and Traffic Law § 2407 an ATV must be insured if operated on lands other than those owned by the ATV owner. Nationwide argued, however, that the record was not sufficient to determine whether this accident occurred on lands owned by the Parado family or on school property as suggested by Christine Riccadulli. Nationwide requested a hearing on this issue to ascertain where the accident took place and thus "whether or not Section 2407 of Vehicle and Traffic Law applies in the case at bar". Pursuant to this request, Nationwide sought a stay of arbitration "until the factual issue is decided at a hearing".

The Supreme Court, however, found that no hearing was necessary. It found that an ATV is not an automobile, nor is it a motor vehicle. Furthermore, the court would not "rewrite"

the parties' contract of insurance by "bootstrap[ping]" on the requirements of Vehicle and Traffic Law § 2407. Therefore, the court found that the uninsured motorist endorsement on Ronald Riccadulli's policy of insurance issued by Nationwide did not provide coverage for injuries sustained as a result of the operation of an uninsured ATV, and permanently stayed arbitration on this claim. We now reverse.

## II

Since ATV's represent a relatively recent innovation, prior to 1985 the Legislature apparently perceived no need to enact any regulations governing their operation. In light of their more recent proliferation, however, it became clear that legislative action was necessary. Laws of 1985 (ch 671) represented a response to the growing problems associated with unrestricted ATV use. This enactment, *inter alia,* created a new Vehicle and Traffic Law article 48-B (§§ 2280-2291) which governed registration and licensing of ATV's. It also created a new PRHPL article 26. Working on the assumption that ATV's would be used primarily in parks, the Legislature conferred upon the Office of Parks, Recreation and Historic Preservation the job of regulating the use of ATV's. Of critical relevance to this appeal, this enactment also amended Vehicle and Traffic Law § 125 to exclude ATV's from the definition of motor vehicle.

Among the provisions of PRHPL article 26, section 26.13 governed the need for ATV liability insurance. In pertinent part PRHPL 26.13 provided that any ATV registered in New York and operated on the roadway or shoulder of a highway, shall be covered by a policy of insurance with minimum coverage of $5,000 property damage and $10,000/$20,000 personal injury-death coverage.

Although PRHPL 26.13 was enacted as part of Laws of 1985 (ch 671), the Bill Jacket concerning this enactment sheds no light onto the question of whether or not an uninsured motorist endorsement in an automobile liability insurance policy will cover an accident involving an uninsured ATV. Indeed, the Bill Jacket does not explain why Vehicle and Traffic Law § 125 was amended to *exclude* ATV's from the statutory definition of motor vehicle. The Bill Jacket did note that by 1983, 30,000 to 56,000 ATV's were being operated in New York and that the purpose of the bill was to encourage safe ATV operation. The overriding themes of the various memo-

randa and letters in the Bill Jacket were concerned with promoting safe operation of ATV's and the revenues generated by the registration fees to be imposed upon ATV's pursuant to Vehicle and Traffic Law article 48-B. Notably, the Office of Parks, Recreation and Historic Preservation opposed passage of the bill because it included several inconsistent provisions. The New York State Department of Motor Vehicles (hereinafter the DMV) favored its passage, notwithstanding that the bill contained "defects" which rendered its implementation questionable. The DMV merely noted in passing that the bill required liability insurance but it did not discuss insurance considerations in any detail. Even the New York State Insurance Department merely noted that proof of no-fault insurance would be necessary prior to registration of ATV's. Interestingly, the Insurance Department opined that ATV's might fall under the definition of motorcycles. The Insurance Department did not object to the passage of the bill and noted that its inherent defects could be cured prior to its effective date. When this bill was signed by the Governor, he noted that it contained "technical" defects which should be corrected prior to the effective date of the law in 1987 (1985 NY Legis Ann, at 241).

The Legislature did undertake to correct the perceived defects in Laws of 1985 (ch 671), by enacting Laws of 1986 (ch 402). This enactment eliminated some of the inconsistencies in the provisions of the prior legislation governing use and registration of ATV's. Furthermore, recognizing that the regulation of ATV's was a matter more appropriately within the aegis of the DMV, the Legislature repealed PRHPL article 26 (placing regulation of ATV's within the authority of the Office of Parks, Recreation and Historic Preservation) and transferred many of its regulatory provisions to a new Vehicle and Traffic Law article 48-C. Vehicle and Traffic Law § 2407 replaced PRHPL 26.13 as the section governing the insurance of ATV's. Whereas the old law required insurance only upon ATV's registered in New York and operated on the roadway or shoulder of a highway, the new provision (Vehicle and Traffic Law § 2407) required insurance on all ATV's, even those not registered in New York, operated anywhere in New York other than on the lands of the owner. Thus, all ATV's must now be insured if they are to be operated in New York on land other than that owned by the ATV owner. ATV insurance policies must provide the coverages mandated by Vehicle and Traffic Law § 311 (4) (a), which sets forth mini-

mum coverage requirements applicable to automobile liability policies. Pursuant to Vehicle and Traffic Law § 2407 (1) the Superintendent of Insurance is authorized to promulgate the language and form of an ATV insurance policy. In accordance with this authority, 11 NYCRR 64-2.1 provides that all ATV insurance policies shall include the New York Automobile Accident Indemnification Endorsement "and wherever the word automobile or motor vehicle appears, reference to ATV should be inserted". Thus, ATV insurance policies apparently must insure against injuries arising out of accidents involving uninsured ATV's.

Much like the Bill Jacket prepared in connection with Laws of 1985 (ch 671), the Bill Jacket prepared relevant to Laws of 1986 (ch 402) makes no reference to the question of uninsured motorist coverage for a passenger of an uninsured ATV under an automobile liability policy. However, in supporting this bill, the New York State Insurance Department noted:

"This bill, which will become effective January 1, 1987, among other things, *would require owners of 'ATV' vehicles to meet the same financial responsibilities as now required for motorcycles.* This would be accomplished by new Section 2407 of the Vehicle and Traffic Law, entitled 'Liability insurance', and the amendment to Section 5103 (f) of the Insurance Law * * *

"The addition of mandatory no-fault * * * coverage, as is required under current law for a motorcycle, is also protective of the public and has our support.

"Liability insurance required by the bill is currently being sold by a number of specialty writers. There would be no availability problem since the coverage would also be written by the New York Automobile Insurance Plan (Assigned Risk).

"We have no objection to the bill" (emphasis added).

Thus, as far as the New York State Insurance Department was concerned, for insurance purposes, ATV's were to be treated on a par with motorcycles.

## III

The conclusion that an ATV is like a motorcycle for purposes of uninsured motorist coverage finds support in various provisions of the Vehicle and Traffic Law. Vehicle and Traffic Law § 123 defines a motorcycle as "[e]very motor vehicle having a seat or saddle for the use of the rider and designed

to travel on not more than three wheels in contact with the ground". Thus, the three-wheeled ATV at bar would appear to fall within the statutory definition of a motorcycle, or perhaps within the definition of an off-highway motorcycle as defined by Vehicle and Traffic Law § 125-a. Once having concluded that an ATV falls within the definition of a motorcycle, the issue before us is whether a passenger injured as a result of an accident involving an uninsured motorcycle may recover uninsured motorist benefits under an automobile liability policy. This question should be answered affirmatively.

In one of the earlier cases dealing with an ATV, a three-wheeled motorized vehicle powered by a two-cylinder 21-horse-power engine and known as a "Tri Sport", capable of attaining speeds up to 65 miles per hour, was found to be a motorcycle pursuant to Vehicle and Traffic Law § 123 *(see, Moses v National Grange Mut. Ins. Co.,* 89 Misc 2d 106). In that 1977 case, the vehicle, which today would probably be characterized as an ATV, was involved in an accident with an insured automobile. The plaintiff, who was operating the uninsured ATV, sought no-fault benefits from the automobile insurer. The court held that the plaintiff was entitled to such benefits. This case is somewhat distinguishable from the case at bar since the uninsured ATV was involved in an accident with an insured automobile. It should be noted that Insurance Law § 5103 (a) (2) no longer permits a no-fault recovery by an occupant of a motorcycle *(see,* 3 Dunham, New York Insurance Law § 50.04 [3]; *but see, Guay v New York Cent. Mut. Fire Ins. Co.,* 144 Misc 2d 785, holding that an occupant of an ATV injured in a collision with an insured automobile may recover no-fault benefits from the automobile's insurer). There, is, however, more direct authority squarely supporting a finding of insurance coverage in the case at bar.

In *Matter of Len (Lumbermens Mut. Cas. Co.)* (80 AD2d 682), the claimant was riding as a passenger on an uninsured motorcycle in a park. The motorcycle collided with a wooden barrier and the passenger was thrown to the ground, sustaining physical injuries as a result. As in the instant case, the claimant served a notice of claim on his father's insurance carrier and, after receiving no response therefrom, he demanded arbitration pursuant to the uninsured motorist endorsement of the automobile insurance policy issued to his father for the family car.

The insurer moved for a stay of arbitration, raising various defenses claiming, *inter alia,* that the uninsured motorcycle

was not an uninsured motor vehicle within the meaning of former Insurance Law § 167 (2-a) (now § 3420 [f]). The Court rejected this argument and held that an uninsured motorcycle was an uninsured motor vehicle (citing *Matter of Askey [General Acc. Fire & Life Assur. Corp.]*, 30 AD2d 632, *affd* 24 NY2d 937, and former Insurance Law § 601 [a] [now § 5202 (a)], defining motor vehicle as including motorcycles for purposes of the Motor Vehicle Automobile Indemnification Act). Accordingly, the Court affirmed the denial of the insurer's application for a stay of the arbitration of the petitioner's uninsured motorist claim.

There is ample authority for the proposition that a motorcycle is an "automobile" for purposes of uninsured motorist coverage. In *Lalomia v Bankers & Shippers Ins. Co.* (35 AD2d 114, *affd* 31 NY2d 830), an uninsured motorized bicycle was held to be an automobile pursuant to an exclusion contained in a policy of homeowner's insurance. In *Early v MVAIC* (32 AD2d 1042), a "motor scooter" was held to be an uninsured automobile within the meaning of an uninsured motorist endorsement. In *Stevenson v Merchants Mut. Ins. Co.* (37 Misc 2d 996) an uninsured lawnmower engine-powered home-made "gocart" was held to be a motor vehicle so as to fall within a homeowner's policy exclusion. In *Geiger v Insurance Co.* (41 AD2d 796) a mini-bike was held to be a motor vehicle. And, in *Matter of Home Mut. Ins. Co. v Marlin* (82 AD2d 807) a moped was found to be an uninsured motor vehicle and hence covered by the uninsured motorist endorsement of the automobile liability insurance policy issued to the pedestrian victim who was hit by an uninsured moped.

Indeed, it is well settled that the term "automobile" as recited by a standard uninsured motorist endorsement includes the term "motorcycle" *(see, Matter of Country-Wide Ins. Co. v Wagoner*, 45 NY2d 581). In that case the injured motorcyclist was struck by an uninsured car. His motorcycle was insured by Country-Wide Insurance Company, with whom he filed a claim. He also filed a claim with Aetna Insurance Company (hereinafter Aetna) which insured his father's car. Both policies contained statutorily mandated "other insurance" provisions pursuant to which Aetna would be obligated to provide only excess insurance, beyond the limits of the Country-Wide Insurance Company motorcycle policy, if the accident occurred while the claimant was " 'occupying an automobile not owned by the named insured' " (i.e., his father) *(Matter of Country-Wide Ins. Co. v Wagoner, supra*, at

585). The court so held, and thereby determined that a person riding a motorcycle was an occupant of an automobile for purposes of the uninsured motorist endorsement in the claimant's father's automobile insurance policy.

In reaching this conclusion, the Court reasoned:

"The purpose of the endorsement was to help effectuate the scheme of compulsory automobile liability insurance that has prevailed in New York State for the past quarter of a century by providing coverage to insured persons who suffer automobile accident injuries at the hands of financially irresponsible motorists *(Ackerman v MVAIC,* 36 Misc 2d 1048, affd 18 AD2d 307). The aim, to make the prescribed compensation available in *all* such cases, would appear to call for a policy of inclusion rather than exclusion in determining whom it covers (e.g., *Matter of Neals v Allstate Ins. Co.,* 34 AD2d 265).

"Significantly, although the endorsement itself is silent, the principal Insurance Law provisions from which it is derived confirm this policy as it applies to motorcycles. Under subdivision 2-a of section 167, each automobile liability policy must contain an endorsement making payable to an insured certain amounts 'as damages from an owner or operator of an uninsured *motor vehicle'* * * * And, according to subdivision a of section 601, 'motor vehicle' encompasses 'motorcycle'. It is difficult to ascribe any reason for watering down the reach of the word 'automobile' as it is used in the endorsement from what was intended by the phrase 'motor vehicle' in the statute that forms the *raison d'etre* for the endorsement.

"Nearly 10 years ago we held that the endorsement's term 'uninsured automobile' must be given the broader definition of the statute *(Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 AD2d 632, affd 24 NY2d 937). Similarly, when used in the endorsement, the unqualified word 'automobile' has been held to mean 'motor vehicle' to permit recovery by an insured who, while operating a motorcycle, suffered injury at the hands of an uninsured motorist *(Public Serv. Mut. Ins. Co. v Katcher,* 44 AD2d 795, revd on other grounds 36 NY2d 295; cf., *Matter of Sentry Ins. Co. [Amsel],* 36 NY2d 291, 293-94.)" *(Matter of Country-Wide Ins. Co. v Wagoner, supra,* at 586-587; *see also, Matter of Jefferson Ins. Co. v Gove,* 173 AD2d 541 [motorcycle is an automobile where claimant is injured while riding with revoked license and policy excluded coverage for injuries while claimant was driving an automobile with a revoked license]; *Matter of St. John [MVAIC],* 105 AD2d 530

[passenger injured as a result of the use of an uninsured motorcycle may seek recovery via uninsured motorist endorsement covering family car]).

It should be noted that to the extent that the Court of Appeals in *Wagoner (supra)* reasoned that a motorcycle is a motor vehicle and hence an automobile, a similar syllogism is unavailable for ATV's which, by statutory exclusion, have been deleted from the general definition of motor vehicles. Nevertheless, there is nothing in the legislative materials reviewed to lead to the conclusion that an ATV cannot be a motorcycle and hence an automobile for purposes of uninsured motorist coverage merely because an ATV has now been excluded, pursuant to Vehicle and Traffic Law § 125, from the definition of motor vehicle. Furthermore, although the Legislature apparently intended to require ATV owners to obtain special ATV insurance, nothing appears in the legislative history to preclude a finding that a nonowner passenger injured as a result of the operation of an uninsured ATV may not be covered by the uninsured motorist endorsement in a standard automobile liability insurance policy issued to a member of her household to cover the family car. By so concluding, we are doing no harm to the legislative scheme concerning regulation and insurance of ATV's, while simultaneously furthering the legislative intent behind our compulsory insurance laws. In any event, the law is well settled. The standard uninsured motorist endorsement applies to motorcycles *(see, Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581, *supra; Perkins v Merchants Mut. Ins. Co.,* 41 NY2d 394; *Matter of St. John [MVAIC],* 105 AD2d 530, *supra)* and an ATV is a type of motorcycle (Vehicle and Traffic Law § 123). Therefore, a person riding as a passenger on an uninsured ATV who is injured as a result of the operation thereof, can recover uninsured motorist benefits pursuant to a policy of automobile liability insurance issued to a member of the claimant's household.

The Supreme Court reached a contrary conclusion because it went no further than to hold that an ATV is not a motor vehicle *(cf., Harper v Lumbermen's Mut. Cas. Co.,* 174 AD2d 1031). As demonstrated above, however, this is not the end of the analysis. The Supreme Court also declined to find coverage because it believed that any contrary holding would rewrite the parties' insurance contract. This conclusion however, is ill founded. To find coverage does not rewrite the contract; it merely broadly interprets ambiguous terms against the in-

surer so as to effectuate the policy behind the law to provide comprehensive insurance coverage to innocent parties injured by uninsured vehicles *(see, Insurance Co. v Godwin,* 46 AD2d 154).

## IV

As an uninsured ATV falls within the statutory definition of motorcycle, it is covered by an uninsured motorist endorsement notwithstanding that Vehicle and Traffic Law § 125 was amended to exclude ATV's from the statutory definition of motor vehicles. Therefore, in accordance with the authorities cited herein, the judgment staying arbitration is reversed, the application is denied, and the parties are directed to proceed to arbitration of this uninsured motorist claim.*

SULLIVAN, J. P., ROSENBLATT and SANTUCCI, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, the application to stay arbitration is denied, and the parties are directed to proceed to arbitration.

---

* The petitioner has not advanced on this appeal its claim that a hearing was necessary to determine where the accident occurred and thus this argument has been abandoned *(see, Enright v Lilly & Co.,* 155 AD2d 64, *affd* 77 NY2d 377, *cert denied* — US —, 116 L Ed 2d 157). In any event, no hearing is necessary. The ATV at bar was not insured. The salient inquiry is not whether it was being operated on lands other than those of the ATV owner in which case it should have been insured pursuant to Vehicle and Traffic Law § 2407, but whether the uninsured motorist endorsement in the policy provides coverage for this accident. Coverage is provided because the plaintiff was injured as a result of an accident involving an uninsured ATV, and neither the law nor the policy would compel a contrary result, even assuming, contrary to the uncontroverted record, that the accident occurred on lands owned by the ATV owner.