Performance Life Chiropractic PC v MVAIC (2023 NY Slip Op 50105(U))

[*1]

Performance Life Chiropractic PC v MVAIC

2023 NY Slip Op 50105(U)

Decided on February 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570364/22

Performance Life Chiropractic PC a/a/o Angelo Arias, Plaintiff-Respondent,
against
MVAIC, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York County (Denise M. Dominguez, J.), entered October 12, 2021, which denied its motion for summary judgment dismissing the complaint.

Per Curiam.
Order (Denise M. Dominguez, J.), entered October 12, 2021, reversed, with $10 costs, motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant MVAIC's submission in support of its motion for summary judgment established, prima facie, that plaintiff's assignor was not a "qualified" person entitled to no fault benefits from MVAIC because she was an "insured" under an automobile policy in her own name (see Insurance Law §§ 5202[b], 5221[b][2]; Englington Med., P.C. v Motor Veh. Acc. Indem. Corp., 81 AD3d 223, 228 [2011]; Matter of Kenyon, 105 AD2d 530 [1984]). MVAIC's proof included a certified document from the Department of Motor Vehicles (DMV) indicating that the assignor was an insured under an automobile insurance policy issued by GEICO (see Central Park Physical Medicine PC v MVAIC, 77 Misc 3d 127[A], 2022 NY Slip Op 51127[U] [App Term, 1st Dept 2022]; see also Matter of Insurance Co. of N. Am. v Castillo, 158 AD2d 691, 692 [1990]). 
In opposition, the affirmation of counsel failed to raise any triable issue, and did not even address the certified DMV record showing insurance coverage.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 16, 2023