## Matter of Progressive Advanced Ins. Co. v Mitchell

2024 NY Slip Op 31953(U)

June 5, 2024

Supreme Court, New York County

Docket Number: Index No. 655597/2023

Judge: Judy H. Kim

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JUDY H. KIM      PART      04

*Justice*

-----------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION FOR A STAY OF
ARBITRATION OF PROGRESSIVE ADVANCED
INSURANCE COMPANY,

Petitioner,

- v -

ALI MITCHELL,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655597/2023 |
| MOTION DATE | 11/09/2023 |
| MOTION SEQ. NO. | 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 9, 10, 11, 12, 13, 14, 15

were read on this motion for          STAY        .

In this special proceeding, petitioner Progressive Advanced Insurance Company seeks a permanent stay of arbitration of respondent Ali Mitchell's claim for uninsured motorist/supplementary underinsured motorist (UM/SUM) benefits. Respondent opposes the petition. For the reasons set forth below, the petition is granted, in part, to the limited extent that the arbitration is stayed pending the completion of discovery, and is otherwise denied.

## FACTUAL BACKGROUND

On March 27, 2023 respondent was driving his motor vehicle eastbound on West 104th Street when he collided with an individual operating an electric unicycle, sustaining injuries. Respondent subsequently filed a Demand for Arbitration with petitioner before the American Arbitration Association. Petitioner now seeks an order permanently staying that arbitration on the grounds that the subject policy does not provide coverage because the electric unicycle is not a motor vehicle under the policy or under VTL §125. Petitioner also requests, alternatively, that the

655597/2023   IN THE MATTER OF THE APPLICATION FOR A STAY OF ARBITRATION OF      Page 1 of 5
PROGRESSIVE ADVANCED INSURANCE COMPANY vs. MITCHELL, ALI
Motion No. 001

1 of 5

arbitration is "temporarily stayed pending a framed issue hearing to determine all issues preliminary to arbitration, including issues of coverage of the offending vehicle, the status of the E-Unicycle and the causation of the accident" or the completion of certain limited discovery, i.e., respondent's submission to an examination under oath and physical examinations and execution of authorizations for respondent's no-fault records and medical records.

In opposition, respondent argues that the electric unicycle is a motor vehicle, noting that the subject insurance policy's definition of uninsured motor vehicle does not reference Vehicle and Traffic Law §125 but instead sets out certain exclusions to the policy's coverage, which do not reference an electric unicycle. Respondent also states that he does not oppose a temporary stay of the arbitration pending completion of discovery.

## DISCUSSION

A permanent stay of an arbitration of an uninsured motorist claim is warranted where the underlying collision did not involve an uninsured motor vehicle, as no arbitrable controversy exists under such circumstances (See Country-Wide Ins. Co. v Vega-Lopez, 2022 WL 603022 [Sup Ct, NY County 2022] citing Nationwide Mut. Ins. Co. v. Riccadulli, 183 AD2d 111 [2d Dept 1992]). In this case, however, petitioner has failed to meet its burden to establish that the electric unicycle is not a motor vehicle.

Respondent's Supplementary Uninsured/Underinsured Motorist Endorsement policy provides that petitioner will

> pay all sums which the insured, as defined herein, or the insured's legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, and caused by accident arising out of such uninsured motor vehicle's ownership, maintenance or use, subject to the Exclusions, Conditions, Limits and other provisions of this UM endorsement…

This policy defines "uninsured motor vehicle" to exclude a motor vehicle that is:

**655597/2023   IN THE MATTER OF THE APPLICATION FOR A STAY OF ARBITRATION OF**          **Page 2 of 5**
**PROGRESSIVE ADVANCED INSURANCE COMPANY vs. MITCHELL, ALI**
**Motion No.  001**

2 of 5

[* 2]

(1) insured under the liability coverage of this policy; or
(2) owned by you, the named insured, or your spouse residing in your household; or
(3) self-insured within the meaning of the financial responsibility law of the state in which the motor vehicle is registered, or any similar state or federal law to the extent that the required amount of such coverage is equal to, or greater than, the third-party bodily injury liability limits of this policy; or
(4) owned by the United States of America, Canada, a state, a political subdivision of any such government or an agency of any of the foregoing; or
(5) a land motor vehicle or trailer, while located for use as a residence or premises and not as a motor vehicle or while operated on rails or crawler-treads; or
(6) a farm type vehicle or equipment designed for use principally off public roads, except while actually upon public roads.

(NYSCEF Doc. No. 4 [Insuring Agreement at p. 23]).

The electric unicycle at issue does not fall within any of these exceptions. Neither is the Court persuaded by petitioner's argument that the electric unicycle is not a "motor vehicle." While "motor vehicle" is not defined in the subject policy, Insurance Law §3420, which governs uninsured motorists coverage, defines "motor vehicle" by reference to VTL §388(2) (Matter of State Farm Mut. Auto. Ins. Co. v Fitzgerald, 25 NY3d 799, 811-12 [2015]). VTL §388(2), in turn, refers to VTL §125 (while also listing some other, specific, exceptions not relevant here).

VTL §125 defines a "motor vehicle" as

Every vehicle operated or driven upon a public highway which is propelled by any power other than muscular power, except (a) electrically-driven mobility assistance devices operated or driven by a person with a disability, (a-1) electric personal assistive mobility devices operated outside a city with a population of one million or more, (b) vehicles which run only upon rails or tracks, (c) snowmobiles as defined in article forty-seven of this chapter, (d) all terrain vehicles as defined in article forty-eight-B of this chapter, (e) bicycles with electric assist as defined in section one hundred two-c of this article, and (f) electric scooters as defined in section one hundred fourteen-e of this article.

For the purposes of title four of this chapter, the term motor vehicle shall exclude fire and police vehicles other than ambulances. For the purposes of titles four and five of this chapter the term motor vehicles shall exclude farm type tractors and all terrain type vehicles used exclusively for agricultural purposes, or for snow plowing, other than for hire, farm equipment, including self-propelled machines used exclusively in growing, harvesting or handling farm produce, and self-

**655597/2023   IN THE MATTER OF THE APPLICATION FOR A STAY OF ARBITRATION OF**          **Page 3 of 5**
**PROGRESSIVE ADVANCED INSURANCE COMPANY vs. MITCHELL, ALI**
**Motion No.  001**

[* 3]

3 of 5

propelled caterpillar or crawler-type equipment while being operated on the contract site

(VTL §125 [emphasis added]).

As the electric unicycle at issue here is indisputably "propelled by any power other than muscular power" and does not fall within any of the listed exceptions in VTL §125, it fits within the definition of "motor vehicle" under that statute (See e.g., Shah v The Motor Veh. Acc. Indem. Corp., 2023 NY Slip Op 30079[U], 2-3 [Sup Ct, NY County 2023]). Accordingly, that branch of the petition which seeks to permanently stay the arbitration is denied (See Nationwide Gen. Ins. Co. v Faulkner, 2024 NY Slip Op 30985[U], 1 [Sup Ct, NY County 2024]), as is petitioner's request for a framed issue hearing.

However, that branch of the petition seeking a stay of arbitration pending discovery is granted, without opposition, as it is undisputed that respondent is obligated to produce the discovery sought under subject insurance policy (See e.g., Am. Tr. Ins. Co. v Ramirez, 63 Misc 3d 1212(A) [Sup Ct, Bronx County 2019]).

Accordingly, it is

**ORDERED** and **ADJUDGED** that the petition is granted to the limited extent that the arbitration is temporarily stayed pending the completion of discovery, and is otherwise denied; and it is further,

**ORDERED** that respondent shall provide duly-executed authorizations for all relevant medical records and submit to an examination under oath and physical examination (by a physician selected by petitioner) on or before October 4, 2024, after which the parties shall proceed to arbitration; and it is further

**ORDERED** that respondent is directed to serve a copy of this order, with notice of entry, on petitioner as well as on the Clerk of the Court (60 Centre St., Room 141B) and the Clerk of the

**655597/2023   IN THE MATTER OF THE APPLICATION FOR A STAY OF ARBITRATION OF PROGRESSIVE ADVANCED INSURANCE COMPANY vs. MITCHELL, ALI**
**Motion No.  001**

Page 4 of 5

4 of 5

General Clerk's Office (60 Centre St., Room 119) within ten days from the date of this decision and order; and it is further

**ORDERED** that the Clerk of the Court is directed to enter judgment accordingly; and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

This constitutes the decision, order, and judgment of the Court.

| | | | | | |
|---|---|---|---|---|---|
| **6/5/2024** | | | | | |
| **DATE** | | | | **HON. JUDY H. KIM, J.S.C.** | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**655597/2023   IN THE MATTER OF THE APPLICATION FOR A STAY OF ARBITRATION OF PROGRESSIVE ADVANCED INSURANCE COMPANY vs. MITCHELL, ALI**
**Motion No. 001**

Page 5 of 5

5 of 5