In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and LAWRENCE V. GRANELLI, Respondent.

Second Department, June 23, 1971.

Robert D. Becker (Albert P. Thill of counsel), for appellant.
S. Edmund Resciniti for respondent.

BENJAMIN, J.  On December 26, 1969 respondent, Granelli, was injured by an uninsured automobile.  On August 12, 1970 his attorney served a demand for arbitration on petitioner, Liberty Mutual Insurance Company, pursuant to an uninsured motorist indorsement in an insurance policy issued by Liberty. The demand listed " Lawrence V. Granelli By S. Edmund Resciniti, attorney 2749 Atlantic Avenue Brooklyn, New York " as the " name and address of the party serving the notice "; it did not contain Granelli's own address.  On September 4, 1970 (23 days after service of the demand for arbitration) Liberty moved to stay arbitration; in its moving affidavit it conceded that the 10-day time limitation for a motion to stay arbitration (CPLR 7503, subd. [c]) had expired, but urged that the time limitation did not here apply because the demand for arbitration omitted the name and address of the party serving it and was for that reason defective.  Granelli opposed the motion for a stay, contending that the demand for arbitration was not defective and the motion for a stay was untimely.  On reargument, Special Term denied the motion for a stay on the ground that it was untimely.  Liberty has appealed.

I believe Special Term's determination was correct.

The demand for arbitration, on a form of the American Arbitration Association, stated that the subject insurance policy provided for arbitration of disputes arising under its uninsured motorist indorsement in accordance with the rules of the American Arbitration Association.  Under the rules of that association, as well as under the law, a statement in the demand that the party serving it is the claimant, " by " his attorney, and that the party's address is that of his attorney, sufficiently constitutes a notice by the claimant that all subsequent papers in the proceeding may be served upon his attorney and that such subsequent service would be effective (see *Matter of Bauer* [*Motor Vehicle Acc. Ind. Corp.*], 31 A D 2d 239; *Matter of Knickerbocker Ins. Co.* [*Gilbert*], 28 N Y 2d 57).  Indeed, under the rules of the American Arbitration Association, the attorney can even sign the demand for arbitration on behalf of his client, the claimant, and the records in *Matter of Bauer* (*supra*) and *Matter of Knickerbocker Ins. Co.* (*supra*) disclose that the demands for arbitration in those cases were so signed.  Moreover, in *Knickerbocker,* as at bar, only the address of the attorney was stated in the demand; but nowhere in its exhaustive opinion in that case did the Court of Appeals indicate that this might have invalidated the demand and for that reason obviated

the need for compliance with the statutory time limit on a motion to stay arbitration.

As the law is now settled that a notice to stay arbitration may properly and effectively be served upon the claimant's attorney in a case like this (*Matter of Bauer, supra; Matter of Knickerbocker Ins. Co., supra*), the attorney's address is all that is really needed in the demand for arbitration. As the attorney, himself, can sign the demand on behalf of his client, the claimant, it is immaterial that in this case the party serving it was stated to be the claimant, "by" his attorney, and that fact does not make the demand defective. In line with the pragmatic approach to these problems in *Bauer (supra)* and *Knickerbocker Ins. Co. (supra)*, I believe the demand for arbitration in this case was not defective; and if we were to assume, *arguendo*, that the omission of the claimant's own address and the listing of his name "by" his attorney were technical defects, they would be at most nonprejudicial irregularities which should be disregarded (cf. *Matter of Knickerbocker Ins. Co., supra*).

As the demand for arbitration was not defective, there is no merit in Liberty's contention that its untimely service of the motion papers to stay arbitration was excusable because of a claimed defect in the demand. Hence, the untimeliness of that motion mandated that it be denied (CPLR 7503, subd. [c]; *Langemyr* v. *Campbell,* 23 A D 2d 371; *Matter of Sisters of Charity of St. Vincent De Paul [Boegel & Allodi],* 32 A D 2d 818). Accordingly, the order denying the motion should be affirmed, with $10 costs and disbursements.

LATHAM, Acting P. J., GULOTTA, CHRIST and BRENNAN, JJ., concur.

Order affirmed, with $10 costs and disbursements.