■ In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Respondent, and MANUEL CLEMENTE, Appellant. — In a proceeding to permanently stay arbitration, the appeal is from a judgment of the Supreme Court,

Queens County (Hyman, J.), dated April 4, 1983, which, *inter alia,* granted the application. ¶ Judgment reversed, on the law, application denied, and the parties are directed to proceed to arbitration forthwith. ¶ Prior to March 6, 1976, petitioner Nassau Insurance Co. (Nassau) provided a policy of liability insurance coverage for a car owned by Piper Car Service. On March 6, 1976, appellant Manuel Clemente was operating this car when he was injured in an accident with an uninsured motor vehicle. ¶ On August 29, 1978 a demand for arbitration was served upon Nassau. On November 21, 1979, a demand for arbitration was filed with the American Arbitration Association. On January 4, 1980, the association wrote to both parties advising them of a list of three names from which an arbitrator would be chosen. The letter advised that objections to the appointment must be made within 20 days. On February 4, 1980, the association wrote to the parties that "based upon your responses to our recent letter dated January 4, 1980, Morton L. Portnoy Esq. has been appointed as Arbitrator". ¶ By letter dated March 14, 1980, the association notified the parties that a hearing before the arbitrator would be held on April 23, 1980. The hearing was adjourned on consent to May 21 of that year. On that date both parties appeared and Nassau indicated that it wanted the arbitrator to determine the question of whether the policy had been canceled prior to the accident. The arbitrator adjourned the hearing pending resolution of whether this issue was properly before him. ¶ Nassau then instituted the instant proceeding to stay arbitration alleging that the demand for arbitration had been defective for failure to comply with CPLR 7503 (subd [c]) and that the policy had been canceled prior to the date of the accident. Special Term ruled that the policy had been canceled prior to the accident, and, therefore, granted a permanent stay of arbitration. ¶ We reverse. ¶ Once a proper demand for arbitration has been served an application to stay arbitration must be made by the party served within 20 days of service or he will be precluded from objecting that a valid agreement to arbitrate was not made (CPLR 7503, subd [c]; *Matter of Aaacon Auto Transp.* [*State Farm Mut. Auto. Ins. Co.*], 41 NY2d 951; *Matter of Spychalski* [*Continental Ins. Cos.*], 58 AD2d 193, affd 45 NY2d 847). ¶ Although in certain situations a defective notice of intention to arbitrate will preclude enforcement of the 20-day limitation period (see *State Farm Mut. Auto. Ins. Co. v Szwec,* 36 AD2d 863), the notice of intention at bar was proper. It contained the insured's name, the policy number, and claim number, the amount claimed, the date of the accident, the city and State in which it took place, the fact that the accident involved an uninsured motorist, the nature of the injuries, and the hearing locale requested. Although the insured's address was not given, the name and address of his attorneys were set forth. Thus the statute was satisfied (see *Matter of Liberty Mut. Ins. Co.* [*Granelli*], 37 AD2d 113; cf. *State Farm Mut. Auto. Ins. Co. v Szwec, supra*). Nassau's failure to move for a stay within the 20-day period specified in CPLR 7503 (subd [c]) mandates dismissal of this proceeding. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.