■ In the Matter of the TOWN OF WARWICK, Respondent, v

MAYO, LYNCH AND ASSOCIATES, INC., Appellant.—In a proceeding to stay or dismiss a demand for arbitration, the appeal is from a judgment of the Supreme Court, Orange County (Coppola, J.), dated October 23, 1985, which dismissed the demand for arbitration.

Ordered that the judgment is reversed, on the law, with costs, the application to stay or dismiss the demand for arbitration is denied, and the parties are directed to proceed to arbitration.

The petitioner, the Town of Warwick, and the appellant Mayo, Lynch and Associates, Inc., an engineering firm, entered into a contract for the performance of services relating to a sewage treatment program. Article VII (D) (1) in the typewritten main body of the agreement states that "[a]ll claims, counter-claims, disputes and other matters in question between the parties hereto arising out of or relating to this Agreement or the breach thereof will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining".

Appended to the agreement were United States Environmental Protection Agency model clauses. The first model clause provided that "[t]he recipient and the contractor agree that this and other appropriate clauses in 40 CFR 33.1030 apply to that work eligible for EPA assistance to be performed under this agreement and that these clauses supersede any conflicting provisions of this agreement". The fifth model clause stated that "[u]nless otherwise provided in this agreement, all claims, counter-claims, disputes and other matters in question between the recipient and the contractor arising out of, or relating to, this agreement or the breach of it will be decided by arbitration if the parties mutually agree, or in a court of competent jurisdiction within the State in which the recipient is located".

The town, by resolution dated February 8, 1985, terminated the services of Mayo, Lynch and Associates, Inc. The engineering firm, in February 1985, served by ordinary mail a demand for arbitration pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association. The demand sought a "Declaration that contract has not been terminated and that Claimant is still entitled to perform under the terms of the contract". In August 1985 the town commenced a proceeding to stay or dismiss the proposed arbitration pursuant to CPLR 7503 (b). Special Term dismissed the demand for arbitration on the ground that the appendix provided that all

claims and disputes would be decided by arbitration if the parties mutually agreed and found that "[t]he petitioner does not agree to arbitrate".

Special Term erred in dismissing the demand for arbitration.

In Article VII (D) of the typewritten main body of the contract, the parties agreed to submit all disputes relating to the agreement to arbitration. The fifth clause of the model clauses is not in conflict, since it would be applicable only if the main body of the agreement did not otherwise provide for the resolution of disputes. In addition, "[i]t is a well-established rule of construction that the written or typewritten portions of an agreement represent an express manifestation of the parties' actual intentions and take precedence over any inconsistent provisions in the printed form" (Matter of Cale Dev. Co. v Conciliation and Appeals Bd., 94 AD2d 229, 234, affd 61 NY2d 976).

The respondent's contention that the original demand for arbitration was defective in form because it did not set forth a demand for monetary relief is without merit. It is well established that absent a clear conflict with the provisions of a statute or public policy, the parties' contractual decision to submit their dispute to arbitration will be enforced (see, Maross Constr. v Central N. Y. Regional Transp. Auth., 66 NY2d 341, 346). Furthermore, on May 15, 1985, the appellant amended its demand for arbitration to include a claim for $165,291.44. Since the parties agreed to arbitration in accordance with the Construction Industry Arbitration Rules, service of the demand for arbitration pursuant to those rules by ordinary mail was proper.

Furthermore, this proceeding was time barred by CPLR 7503 (c), since it was begun more than 20 days after service of the demand for arbitration (see, Matter of Nassau Ins. Co. [Clemente], 100 AD2d 969). Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.