■ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Appellant, v RODNEY JAMES, Respondent.—In a proceeding to stay arbitration of the respondent's claim for uninsured motorist benefits, the petitioner Insurance Company of North America appeals from an order of the Supreme Court, Nassau

County (Robbins, J.), dated August 20, 1987, which granted the respondent's motion to vacate a preliminary stay and to direct the parties to proceed to arbitration and denied the petitioner's cross motion to excuse its default and extend its time, *inter alia,* to file a note of issue.

Ordered that the order is affirmed, with costs.

By order dated April 21, 1987, the Supreme Court granted the petitioner's application to stay arbitration of the respondent's claim for uninsured motorist benefits pending a trial of the preliminary issue of whether the vehicle allegedly responsible for the accident was insured. The order directed the petitioner, *inter alia,* to file a note of issue so the matter would be placed on the Trial Calendar for June 15, 1987, and to serve State Farm Insurance Co. with a copy of the order and the papers upon which the motion was made in order to add it as a party to the proceeding. The petitioner did not comply with any of the order's directives and was notified by the court of its failure to appear on June 15, 1987. Petitioner then delayed, without explanation, another 24 days before cross-moving to excuse its default, to extend its time to comply with the order, and to place the matter on the September Trial Calendar. It is readily apparent from the record on appeal that the petitioner had also done nothing to prepare for the trial and its application was made in response to the respondent's motion for an order vacating the preliminary stay and to direct the parties to proceed to arbitration.

While recent amendments to the CPLR have empowered the courts to exercise their discretion to excuse defaults resulting from law office failure (CPLR 2005, 3012 [d], as added L 1983, ch 318), the amendments by no means guarantee that a default will be excused in all cases *(see, De Leo v Bertucci,* 98 AD2d 708). In the context of a proceeding to stay arbitration of a claim for uninsured motorist benefits, which has a short, 20-day Statute of Limitations for the commencement of the proceeding *(see,* CPLR 7503 [c]; *State-Wide Ins. Co. v Buffalo Ins. Co.,* 105 AD2d 315, *appeal dismissed* 64 NY2d 1041; *Matter of Nassau Ins. Co. [Clemente],* 100 AD2d 969), the petitioner's conduct demonstrated an inordinate pattern of delay which was without reasonable explanation. Accordingly, the court did not abuse its discretion in granting the respondent's motion and denying the petitioner's cross motion. Thompson, J. P., Lawrence, Rubin, Harwood and Balletta, JJ., concur.