■ DAVID HARPER et al., Appellants, v LUMBERMEN'S MUTUAL CASUALTY Co., Respondent.—Order and judgment unanimously reversed on the law with costs, motion denied, complaint reinstated and summary judgment granted in part to plaintiffs, in accordance with the following Memorandum: Supreme Court erred in determining that, as a matter of law, an All Terrain Vehicle (ATV) was not a motor vehicle within the scope of plaintiff's uninsured motorist coverage. The insurance policy issued by defendant covers injuries resulting from an accident with an uninsured automobile. As a matter of law, the coverage extends to all motor vehicles as defined by Vehicle and Traffic Law § 125 (see, Insurance Law § 5202 [a]; *Matter of Country-Wide Ins. Co. v Wagoner,* 45 NY2d 581; *Matter of Askey [General Acc. Fire & Life Assur. Corp.],* 30 AD2d 632, *affd* 24 NY2d 937; *see also,* Insurance Law § 3420 [f] [1]).

Vehicle and Traffic Law § 125 defines a motor vehicle as every vehicle operated or driven upon a public highway and propelled by any power other than muscular power. The statute, as it existed at the time of the subject accident, did not exclude ATVs (Vehicle and Traffic Law § 125 now excludes ATVs, but applies only to actions accruing after Jan. 1, 1987; the action here accrued on May 13, 1986).

Because no specific exclusion for ATVs existed, we may presume that the Legislature intended that ATVs were not excluded from the statutory definition of motor vehicles *(see, Eaton v New York City Conciliation & Appeals Bd.,* 56 NY2d 340, 346; McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see also, Matter of Buffalo Columbus Hosp. v Axelrod,* 165 AD2d 605). Thus, consistent with this State's policy of protecting its citizens from uninsured motorists on its highways *(see, Matter of Allstate Ins. Co. v Shaw,* 52 NY2d 818, 819-820), we conclude that defendant is obligated to provide plaintiffs with uninsured motorist benefits for injuries caused by the uninsured ATV operator. Because this issue is solely a question of law, we grant plaintiffs partial summary judgment declaring that obligation *(see,* CPLR 3212 [b], [e]). (Appeal from Order and Judgment of Supreme Court, Orleans County, Miles, J.—Declaratory Judgment.) Present—Callahan, J. P., Denman, Green, Pine and Lowery, JJ.