■ TRAVELERS INDEMNITY Co., Respondent, v JAMES BALTHAZAR et al., Appellants. [638 NYS2d 36] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about August 4, 1994, which, *inter alia*, granted petitioner's application to stay arbitration of respondents' uninsured motorist claim pending determination, at a preliminary trial, of the issue of whether the offending vehicle was insured on the date of the accident, is unanimously reversed, on the law, without costs, the petition is dismissed and the parties are directed to arbitration.

The within proceeding is untimely as it was commenced two months after petitioner was served with a demand for arbitration pursuant to the uninsured motorist provision of the insurance policy in question (CPLR 7503 [c]; *Matter of Spychalski [Continental Ins. Cos.]*, 58 AD2d 193, *affd* 45 NY2d 847). This is not a case, as the IAS Court found, where the parties never agreed to arbitrate but, rather, one in which a valid arbitration agreement exists, the conditions of which have not been complied with (*see, Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264). Concur—Sullivan, J. P., Ellerin, Ross, Tom and Mazzarelli, JJ.