■ In the Matter of HARTFORD INSURANCE Co., Respondent, v JOAN BUONOCORE, Appellant. [675 NYS2d 129] —In consolidated proceedings pursuant to CPLR article 75 to permanently stay arbitration of claims for uninsured and underinsured motorist benefits, Joan Buonocore appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated February 25, 1997, which granted the separate petitions of the petitioner and permanently stayed arbitration of the claims for uninsured and underinsured motorist benefits.

Ordered that the order is reversed, on the law, with costs, and the separate petitions to stay arbitration of the claims for uninsured and underinsured motorist benefits are denied, and the proceedings are dismissed.

Joan Buonocore was injured in a motor vehicle accident involving a third-party's car in which she was a passenger. After settling her claim against the driver and owner of the car, Buonocore served a demand, dated July 24, 1996, for arbitration of her claim for uninsured motorist benefits upon her own automobile insurance carrier, the petitioner Hartford Insurance Co. (hereinafter Hartford). Approximately two months later, Hartford filed a petition to stay the arbitration. Shortly

thereafter, Buonocore served a separate demand, dated October 9, 1996, for arbitration of her claim for underinsured motorist benefits. On October 14, 1996, Hartford filed a petition to stay arbitration of this second demand. The Supreme Court, in an order dated February 25, 1997, granted both of Hartford's petitions and permanently stayed the arbitration proceedings. We now reverse.

Pursuant to CPLR 7503 (c), a party served with a demand for arbitration must make an application to stay such arbitration within 20 days after service of the demand or the application to stay arbitration is time barred (*see, Matter of Metropolitan Prop. & Liab. Ins. Co. v Hancock,* 183 AD2d 831, 832). However, the Court of Appeals has indicated that an application to stay arbitration may be made beyond the 20-day limit in cases where the basis for the application is that the parties never agreed to arbitrate (*see, Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264).

In the instant case, it is undisputed that the insurance policy issued by Hartford to Buonocore contained provisions for uninsured motorist coverage and arbitration. Hartford's contention that there is no coverage under the uninsured motorist provisions because the offending vehicle was insured, "relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate. As such [Hartford's] contention is outside the exception articulated by [the Court of Appeals] in *Matarasso*" (*Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082, 1084). Since Hartford's petition to stay arbitration of the July 24, 1996, demand was made well beyond the 20-day period set forth in CPLR 7503 (c), and the exception set forth in *Matter of Matarasso* does not apply, that petition should have been denied as untimely (*see, Matter of Lyerly v Victoria Fire & Cas. Co.,* 245 AD2d 515; *Matter of Allstate Ins. Co. v Bonilla,* 116 AD2d 571).

We also agree with Buonocore's contention that the court erred in granting the petition to stay the October 9, 1996, demand for arbitration of her claim for underinsured motorist benefits. Buonocore was not required to obtain Hartford's consent before settling the underlying action against the third-party owner and driver, as there was no provision in the policy requiring such consent with respect to underinsured motorist coverage (*see, Matter of Federal Ins. Co. v Stechman,* 192 AD2d 531). Moreover, we find that the language of the release executed by Buonocore in settling the underlying action adequately protected Hartford's subrogation rights (*see, Matter of State Farm Mut. Ins. Co. v Trapanotto,* 166 AD2d 537). Accordingly,

Hartford's petition to stay the demand for arbitration of the claim for underinsured motorist benefits should also have been denied. Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.