■ In the Matter of MICHAEL INSINGA, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [696 NYS2d 506] —In an arbitration proceeding pursuant to CPLR article 75, the petitioner appeals from an order of the Supreme Court, Nassau County (Murphy, J.), entered January 6, 1998, which granted the application of the respondent Liberty Mutual Insurance Company to vacate an arbitration award dated April 23, 1997.

Ordered that the order is affirmed, with costs.

The Supreme Court properly vacated the arbitration award based on the misconduct of the petitioner's attorneys. The April 19, 1996, arbitration demand was served on the respondent,

rather than on its attorneys, and was hidden among voluminous other documents to prevent the respondent from contesting the issue of arbitrability (see, Rider Ins. Co. v Marino, 84 AD2d 832; Matter of Nationwide Mut. Ins. Co. [Monroe], 75 AD2d 765). In addition, the petitioner failed to comply with a prior order of the same court, dated October 23, 1996, requiring the completion of discovery before arbitration. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.