■ In the Matter of MERCHANTS MUTUAL INSURANCE CO., Respondent, v JOSEPH ANEMONE, Appellant, et al., Respondents. [707 NYS2d 865] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Joseph Anemone appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated February 24, 1999, as granted the petition to the extent of directing a hearing on the issue of whether there had been physical contact between the vehicle that he was driving and the alleged hit-and-run vehicle.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Contrary to the petitioner's contention, the appellant's demand for arbitration complied with the statutory requirements of·CPLR 7503 (c). The issue of physical contact with the

uninsured vehicle relates to whether certain conditions of coverage were satisfied. Therefore, the petitioner's application to stay arbitration should have been brought within the 20-day limitation period set forth in CPLR 7503 (c) (*see, Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082; *Matter of CNA Ins. Co. v Rosa,* 253 AD2d 494; *Matter of CNA Ins. Co. v Carsley,* 243 AD2d 474). The proceeding was commenced more than four months after the demand was served, and thus, was untimely (*see, Aetna Life & Cas. Co. v Stekardis,* 34 NY2d 182, 185-186). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.