■ In the Matter of TRAVELERS PROPERTY CASUALTY CORP., Respondent, v HARRIETTE KLEPPER, Appellant. [712 NYS2d 517] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered June 3, 1999, which granted petitioner Travelers Property Casualty Corp.'s (Travelers) CPLR 7503 (b) motion to stay arbitration, unanimously reversed, on the law, without costs, the petition dismissed and the parties are directed to arbitration.

Travelers' November 2, 1998 petition to permanently stay the demand for arbitration filed by the respondent on September 30, 1998 was untimely, pursuant to the 20 day time limit set forth in CPLR 7503 (c) (*Travelers Indem. Co. v Balthazar*, 224 AD2d 303).

At the time respondent filed a demand for arbitration, the other vehicle involved in the accident was unidentified. In its belated motion for a stay, Travelers identified the vehicle, and the fact that it was insured, arguing that it could not be defined as an "uninsured vehicle" pursuant to respondent's policy.

This argument "relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate. As such, [Travelers'] contention is outside the exception articulated by [the Court of Appeals] in *Matarasso* and is barred by the CPLR 7503 (c) 20-day period to object to arbitration" (*Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084, citing *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264; *see also, Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500). Concur—Tom, J. P., Mazzarelli, Lerner and Buckley, JJ.