■ In the Matter of the Arbitration between EMPIRE INSURANCE COMPANY, Appellant, and ELWOOD J. BUSSE, Respondent. [722 NYS2d 543] —Order, Supreme Court, New York County (Bonnie Wittner, J.), entered on or about November 4, 1999, which denied petitioner insurer's application to permanently stay arbitration of respondent insured's so-called underinsured motorist claim and directed entry of judgment dismissing the petition, and order, same court and Justice, entered on or about March 28, 2000, which, to the extent brought up for review pursuant to CPLR 5517 (b), denied petitioner's motion to renew, unanimously affirmed, with costs.

We reject petitioner's argument that since the subject policy does not contain any underinsurance coverage, its application to stay arbitration of an underinsurance claim did not have to be made within 20 days as required by CPLR 7503 (c). *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264), on which petitioner relies, is distinguishable since here the policy, in its "supplementary uninsured motorist endorsement," contains an arbitration clause. Petitioner's arguments that respondent is not entitled to any underinsured, as opposed to uninsured, benefits under that endorsement, and that the maximum amount of any benefits that would be due under the endorsement was offset by the payment respondent received from the offending vehicle's insurer, relate to whether certain conditions of the policy have been complied with and not whether the parties agreed to arbitration (*see, Matter of Travelers Prop. Cas. Corp. v Klepper*, 275 AD2d 234; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082). We note that under paragraph I (c) (3) (I) of the endorsement, an "uninsured motor vehicle" is defined as an offending vehicle that has bodily injury liability insurance at the time of the accident but the amount thereof (here $10,000) is less than the third-party bodily injury liability limit of the insured's policy (here $100,000). Petitioner's motion to renew, wherein it sought to adduce evidence that the declarations page would have expressly mentioned "underinsurance" coverage had respondent purchased it, was properly denied for lack of an explanation why such evidence was not presented on the original motion (CPLR 2221 [e] [3]). Concur—Rosenberger, J. P., Williams, Andrias, Wallach and Saxe, JJ.