■ In the Matter of THEA HALO, Appellant, v NEW YORK CITY LOFT BOARD et al., Respondents. [751 NYS2d 185] —Order, Supreme Court, New York County (Herman Cahn, J.), entered September 1, 2000, which, in a proceeding by petitioner tenant to annul respondent Loft Board's determination awarding a Rent Guidelines Board rent increase, insofar as appealed from, determined that the Loft Board had subject matter jurisdiction to award such rent increase, unanimously affirmed, without costs. Determination of respondent Loft Board dated October 1, 1999, awarding a Rent Guidelines Board rent increase as recommended in the report of respondent Office of Administrative Trials and Hearings (OATH), unanimously confirmed, the petition denied and so much of the proceeding as was transferred to this Court by the above order unanimously dismissed, without costs.

The pending Supreme Court action between petitioner and the landlord involving the subject unit's rent did not divest respondents of subject matter jurisdiction to hear and determine the landlord's application for a rent increase (*see County Dollar Corp. v Douglas*, 161 AD2d 370, 371). Substantial evidence, including, in particular, petitioner's signature on a certified mail return receipt, supports the finding that petitioner received notice of the landlord's filing for a rent increase, and defaulted by failing to object thereto within 45 days (29 RCNY 2-01 [i] [1] [iv]). No basis exists to disturb the Loft Board's adoption of OATH's finding that petitioner's signature on the return receipt was genuine, and other findings of credibility (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). We have considered and rejected petitioner's other arguments. Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.