■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and SETH O. KANKAM, Appellant. ALLSTATE INSURANCE COMPANY, Proposed Additional Respondent. [770 NYS2d 714]—

Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered February 6, 2003, which, after a framed issue hearing, granted a permanent stay of an uninsured motorist arbitration, unanimously reversed, on the law, with costs, the stay of arbitration vacated and the petition dismissed. Appeal from or-

der, same court and Justice, entered January 8, 2003, which granted a temporary stay of arbitration and set the matter down for a framed issue hearing, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

The 20-day time limit prescribed by CPLR 7503 (c) for serving a petition to stay an arbitration is jurisdictional, and, absent special circumstances not present here, courts have no jurisdiction to consider an untimely application (*see Matter of Metropolitan Prop. & Cas. Ins. Co. [Coping]*, 179 AD2d 499, 500 [1992]). While an application for a stay on the ground that the parties never agreed to arbitrate may be entertained even after the 20-day period has expired (*see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267 [1982]), this is not the case here, where an arbitration agreement exists, and the claim is simply that its conditions have not been satisfied (*see Matarasso* at 266; *see also Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *Travelers Indem. Co. v Balthazar*, 224 AD2d 303 [1996]).

State Farm failed to serve its notice of petition to stay arbitration within 20 days of receiving the demand for arbitration, as required by CPLR 7503 (c). An addressee's signature on a certified mail return receipt supports a finding that the addressee received the notice (*Matter of Halo v New York City Loft Bd.*, 300 AD2d 77 [2002]), and the addressee's claim that it never received the notice is insufficient to rebut the presumption of receipt raised by the proof of mailing (*8112-24 18th Ave. Realty Corp. v Aetna Cas. & Sur. Co.*, 240 AD2d 287 [1997]). Accordingly, the proof that State Farm received the demand for arbitration on August 15, 2002 stands unrebutted. Therefore, State Farm's petition for a stay of arbitration, filed on September 10, 2002, was untimely, leaving the Supreme Court without jurisdiction to consider it, and requiring its dismissal. Concur—Tom, J.P., Andrias, Saxe and Ellerin, JJ.