In the Matter of AIU INSURANCE COMPANY, Respondent, v RUDY ORELLANA et al., Appellants. [795 NYS2d 653]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the appeal is from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated July 6, 2004, as, in effect, granted that branch of the petition which was for a temporary stay of arbitration pending a hearing to determine whether there was physical contact between the appellants' vehicle and the alleged hit-and-run vehicle.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Contrary to the petitioner's contention and the determination of the Supreme Court, the petitioner's claim that arbitration should be stayed on the ground that there was no physical contact between the appellants' vehicle and the hit-and-run vehicle does not relate to whether the parties had an agreement to arbitrate (*see generally Matter of Matarasso [Continental Cas. Co.],* 56 NY2d 264 [1982]). Rather, the issue of physical contact relates to whether certain conditions of the insurance contract were complied with, and therefore had to be asserted within the 20-day time limit set forth in CPLR 7503 (c) (*see Matter of Steck [State Farm Ins. Co.],* 89 NY2d 1082 [1996]; *Matter of Merchants Mut. Ins. Co. v Anemone,* 271 AD2d 690 [2000]; *Matter of All-*

*state Ins. Co. v Taylor*, 271 AD2d 443 [2000]; *Matter of DelGaudio v Aetna Ins. Co.*, 262 AD2d 641 [1999]; *Matter of Nationwide Ins. Co. v McDonnell*, 248 AD2d 476 [1998]; *Matter of CNA Ins. Co. v Carsley*, 243 AD2d 474 [1997]). Accordingly, the petition to stay arbitration, which was served well beyond the 20-day statutory period, was untimely and should have been dismissed. Cozier, J.P., Krausman, Mastro and Fisher, JJ., concur.