■ In the Matter of LIBERTY MUTUAL FIRE INSURANCE COMPANY, Respondent, v THOMAS RONDINA et al., Individually and as Parents and Natural Guardians of T.J.R., Appellants. [821 NYS2d 325]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered May 5, 2005. The order granted the application for a permanent stay of arbitration.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents served their automobile insurer, petitioner, with a demand for arbitration after petitioner refused to provide uninsured motorist coverage for injuries sustained by respondents' son while he was a passenger on an uninsured all-terrain vehicle (ATV). Contrary to respondents' contention, Supreme Court properly granted petitioner's application pursuant to CPLR 7503 (c) for a permanent stay of arbitration on the ground that respondents' claim is not within the scope of petitioner's uninsured motorist coverage. "As a matter of law, [uninsured motorist] coverage extends to all motor vehicles as defined by Vehicle and Traffic Law § 125" (*Harper v Lumbermen's Mut. Cas. Co.*, 174 AD2d 1031, 1031 [1991], *lv dismissed* 78 NY2d 1110 [1991]; *see* Insurance Law § 5202 [a]; *Matter of Askey [General Acc. Fire & Life Assur. Corp.]*, 30 AD2d 632 [1968], *affd* 24 NY2d 937 [1969]). Because ATVs are specifically excluded from the definition of motor vehicles set forth in Vehicle and Traffic Law § 125, the court properly concluded that the uninsured motorist endorsement in the policy issued by petitioner to respondents does not encompass the claim for the injuries sustained by respondents' son (*see Harper*, 174 AD2d 1031 [1991]; *cf. Matter of Nationwide Mut. Ins. Co. v Riccadulli*, 183 AD2d 111). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Green, JJ.