■ In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v OSCAR CASTRO, Appellant, et al., Respondents. [836 NYS2d 657]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Oscar Castro appeals from an amended order of the Supreme Court, Nassau County (O'Connell, J.), dated August 17, 2006, which, inter alia, denied his cross motion to dismiss the proceeding as untimely.

Ordered that the amended order is reversed, on the law, with costs, and the cross motion to dismiss the proceeding as untimely is granted.

This proceeding was commenced in February 2006, several months after the appellant served two separate notices of intention to arbitrate pursuant to CPLR 7503 (c), in May 2004 and August 2004, respectively. As such, this proceeding was not timely commenced (see Matter of Government Empls. Ins. Co. v Castillo-Gomez, 34 AD3d 477 [2006]; Matter of Transportation Ins. Co. v Desena, 17 AD3d 478 [2005]).

Contrary to the petitioner's contention, it failed to establish that the subject notices were deceptive and intended to prevent it from contesting the issue of arbitrability (compare Matter of Nationwide Ins. Co. v Singh, 6 AD3d 441, 444, [2004] with Matter of Insinga v Liberty Mut. Ins. Co., 265 AD2d 411, 412 [1999]). Rather, it is apparent, on this record, that the untimeliness of the proceeding was the result of the neglect of the petitioner's own employee, "not any deception on the part of the [insured]" (Matter of State-Wide Ins. Co. v Rowe, 228 AD2d 606, 607 [1996]). In response to the May 2004 notice, the petitioner denied coverage of the uninsured motorist claim (indicating, at minimum, that it had read the notice), yet inexplicably failed to commence a proceeding to stay arbitration. With respect to the August 2004 notice, the petitioner stated only that it had no record of the notice in its claim file, a contention that is insufficient to rebut the presumption of receipt created by the signature-stamped certified mail return receipt card (see Matter of Fodor v MBNA Am. Bank, N.A., 34 AD3d 473 [2006]; Matter of State Farm Mut. Auto. Ins. Co. [Kankam], 3 AD3d 418, 419 [2004]).

The petitioner's claim that there is no coverage under the subject policy's uninsured motorist provisions because the of-

fending vehicle was, in fact, insured, is irrelevant to the issue of whether the instant CPLR article 75 proceeding was timely filed (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082 [1996]; *Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500, 501 [1998]; *Matter of State-Wide Ins. Co. v Rowe, supra* at 606-607). Thus, the appellant's cross motion to dismiss the proceeding as untimely should have been granted.

The petitioner's remaining contentions are without merit. Prudenti, P.J., Fisher, Dillon and Dickerson, JJ., concur.