In the Matter of STANDARD FIRE INSURANCE COMPANY, Respondent, v GEORGE MOUCHETTE, Appellant, et al., Respondents.
[849 NYS2d 592]—

In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of an uninsured motorist claim, George Mouchette appeals from an order of the Supreme Court, Nassau County (Brandveen J.), entered April 13, 2007, which, upon finding that the proceeding had been timely commenced, among other things, granted the petition to the extent of directing a framed-issue hearing and temporarily stayed the arbitration pending the framed-issue hearing.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as directed a framed-issue hearing is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701); and it is further,

Ordered that the order is reversed, on the law, the petition is denied, and the proceeding is dismissed as time-barred; and it is further,

Ordered that one bill of costs is awarded to the appellant.

"CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a demand for arbitration" (*Matter of Land of the Free v Unique Sanitation*, 93 NY2d 942, 943 [1999]). Unless a party makes an application for a stay of arbitration within the statutory 20-day period, CPLR 7503 (c) precludes it from seeking a judicial determination (*see Matter of Fiveco, Inc. v Haber*, 42 AD3d 454 [2007], *lv granted* 9 NY3d 814 [2007]). Here, the proceeding was commenced more than 20 days after service upon the petitioner of the demand for arbitration (*see Matter of Transportation Ins. Co. v Desena*, 17 AD3d 478, 479 [2005]).

Moreover, the petitioner failed to establish that the demand for arbitration was deceptive and intended to prevent it from contesting the issue of arbitrability (*see Matter of Travelers Indem. Co. v Castro*, 40 AD3d 1005, 1006 [2007]; *Matter of State Farm Ins. Cos. [DeSarbo]*, 36 AD3d 1193, 1194-1195 [2007]; *Matter of Nationwide Ins. Co. v Singh*, 6 AD3d 441, 444 [2004]). In this regard, the petitioner failed to proffer an affidavit by "someone with knowledge" to support its contention, in effect, that the appellant's service of the demand for arbitration upon the petitioner's Hartford, Connecticut address was deceptive and intended to prevent it from contesting the issue of arbitrability (*Matter of Nationwide Ins. Co. v Singh*, 6 AD3d 441, 444 [2004]). Accordingly, under the facts of this case, the petition should have been denied and the proceeding should have been dismissed as untimely (*see Matter of United Servs. Auto. Assn. Prop. & Cas. Ins. Co. v DeRosa*, 36 AD3d 925 [2007]). Crane, J.P., Rivera, Florio and Balkin, JJ., concur.