■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v MARIA SCALAMANDRE, Appellant. [858 NYS2d 327]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Maria Scalamandre appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated June 27, 2007, which granted the petition.

Ordered that the order is affirmed, with costs.

The appellant was injured when her automobile collided with a four-wheeled "Raptor Quad" all-terrain vehicle (hereinafter ATV) at an intersection of public streets in Babylon. The appellant's car was insured at the time by Progressive Northeastern Insurance Company (hereinafter Progressive) and the ATV was uninsured. The appellant submitted a demand for arbitration seeking uninsured motorist (hereinafter UM) benefits under her Progressive policy. Progressive sought to permanently stay arbitration on the ground that the ATV did not constitute an "uninsured motor vehicle." The Supreme Court granted the petition. We affirm.

Contrary to the appellant's contention, Progressive's policy is not ambiguous. A plain reading of the language contained in the subject policy leads to the conclusion that a four-wheeled ATV does not constitute a "motor vehicle" for purposes of invoking the policy's UM endorsement (*see Matter of Progressive Ins. Cos. [Nemitz]*, 39 AD3d 1121 [2007]; *see generally Sanabria v American Home Assur. Co.*, 68 NY2d 866 [1986]; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470 [2003]). In addition, although UM coverage extends to all "motor vehicles," as defined by Vehicle and Traffic Law § 125 (*see* Insurance Law § 5202 [a]; *Matter of Country-Wide Ins. Co. v Wagoner*, 45 NY2d 581 [1978]), ATVs are specifically excluded from the definition of motor vehicles set forth therein. Moreover, unlike the situation in *Matter of Nationwide Mut. Ins. Co. v Riccadulli* (183 AD2d 111 [1992]), wherein the three-wheeled ATV involved could be considered a motorcycle, thereby rendering UM benefits available, the "Raptor Quad" ATV was a four-wheeled vehicle. Consequently, this ATV does not fit the statutory description of a motorcycle, which is limited to a vehicle with no more than "three wheels in contact with the ground" (Vehicle and Traffic Law § 123; *see* Vehicle and Traffic Law § 125-a). Accordingly, the court properly granted the petition to permanently stay arbitration of the appellant's claim for UM benefits (*see Matter of Liberty Mut. Fire Ins. Co. v Rondina*, 32 AD3d 1230 [2006]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.