■ In the Matter of NOVA CASUALTY COMPANY, Respondent, v ORAL MARTIN, Respondent. GMAC INSURANCE COMPANY,

Proposed Additional Appellant, et al., Proposed Additional Respondent. [870 NYS2d 55]—

The petitioner's contention that there is no coverage under its policy's uninsured motorist provisions because the offending vehicle was, in fact, insured, is irrelevant to the issue of whether the instant proceeding pursuant to CPLR article 75 was timely commenced (*see Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082 [1996]; *Matter of Travelers Indem. Co. v Castro*, 40 AD3d 1005, 1006-1007 [2007]; *Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500, 501 [1998]). Such contention relates to whether certain conditions of the contract have been complied with and not whether the parties have agreed to arbitrate and, thus, the petitioner's contention is outside the exception articulated by the Court of Appeals in *Matter of Matarasso (Continental Cas. Co.)* (56 NY2d 264 [1982]; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]; *see Matter of Hartford Ins. Co. v Buonocore*, 252 AD2d 500, 501 [1998]).

Since the petition to stay arbitration of the demand was made well beyond the 20-day period set forth in CPLR 7503 (c), and the exception set forth in *Matter of Matarasso* does not apply, the Supreme Court should not have, in effect, granted that branch of the petition which was for a framed-issue hearing to determine whether there was insurance available through GMAC Insurance Company. Rather, the proceeding should have been dismissed in its entirety (*see Matter of Travelers Indem.*

Co. v Castro, 40 AD3d 1005, 1007 [2007]; *Matter of Hartford Ins. Co. v Buonocore,* 252 AD2d 500, 501 [1998]). Lifson, J.P., Ritter, Eng and Chambers, JJ., concur.