■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v THOMAS URBAN, Appellant, et al., Proposed Additional Respondents. [912 NYS2d 586]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for uninsured motorist benefits, Thomas Urban appeals from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered August 6, 2009, as denied his cross motion to dismiss the petition as untimely, determined that the proceeding was timely commenced, directed a framed-issue hearing, and directed him to furnish the petitioner with discovery in the event that the matter proceeded to arbitration.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion to dismiss the petition as untimely is granted, and the proceeding is dismissed as time-barred.

On December 1, 2008, the appellant, Thomas Urban, while driving his own motor vehicle, was involved in an accident. At the time of the accident, Urban's vehicle was insured by the petitioner, State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Urban's insurance policy included an endorsement for supplementary uninsured/underinsured motorist benefits which provided for arbitration to resolve claims submitted to State Farm pursuant to this endorsement.

By letter dated December 22, 2008, sent by certified mail, return receipt requested, Urban informed State Farm that he intended to arbitrate a claim under his State Farm policy for, inter alia, supplementary uninsured/underinsured motorist benefits with respect to the December 1, 2008, accident, since the accident involved a motorist who left the scene of the accident. In the letter, Urban provided information concerning his State Farm policy number, his name and address, and a warning that, unless within 20 days of receipt thereof State Farm ap-

plied to stay arbitration, it would "be precluded from objecting that a valid agreement was not made or complied with and from asserting in court the bar of a limitation of time." The signed return receipt for the letter demonstrated that State Farm received Urban's letter on December 26, 2008. State Farm responded to Urban's counsel by letter dated April 8, 2009, in which it denied Urban's claim for supplementary uninsured/ underinsured motorist benefits.

On June 10, 2009, by certified mail, return receipt requested, Urban sent State Farm a "Request for Arbitration" with the American Arbitration Association (hereinafter the AAA). This request was received by State Farm on June 12, 2009. On June 22, 2009, State Farm petitioned for an order pursuant to CPLR 7503 (c) staying the arbitration. Urban cross-moved to dismiss the petition as untimely. The Supreme Court denied Urban's cross motion and granted State Farm's petition to the extent that it set the matter down for a framed-issue hearing and directed Urban to provide discovery to State Farm in the event that the matter proceeded to arbitration.

"CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a notice of intention to arbitrate" (*Matter of Liberty Mut. Ins. Co. v Zacharoudis*, 65 AD3d 1353, 1353-1354 [2009]; *see Matter of Fiveco, Inc. v Haber*, 11 NY3d 140, 144 [2008]; *Matter of Land of the Free v Unique Sanitation*, 93 NY2d 942, 943 [1999]; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d 1082, 1084 [1996]). To be considered a valid notice of the intention to arbitrate, the notice must identify the agreement under which arbitration is sought and the name and address of the person serving the notice in addition to containing the statutory 20-day warning that failure to commence a proceeding to stay arbitration will preclude an objection to arbitration (*see* CPLR 7503 [c]; *Matter of Blamowski [Munson Transp.]*, 91 NY2d 190, 195 [1997]; *State Farm Mut. Auto. Ins. Co. v Szwec*, 36 AD2d 863 [1971]).

The failure to move for a stay of arbitration within the statutory period will generally preclude objections to the arbitration after the expiration of that 20-day period (*see Matter of Fiveco, Inc. v Haber*, 11 NY3d at 144; *Matter of Land of the Free v Unique Sanitation*, 93 NY2d at 943; *Matter of Steck [State Farm Ins. Co.]*, 89 NY2d at 1084; *Matter of Liberty Mut. Ins. Co. v Zacharoudis*, 65 AD3d at 1354; *Matter of Hermitage Ins. Co. v Escobar*, 61 AD3d 869 [2009]; *Matter of State Farm Ins. Co. v Williams*, 50 AD3d 807, 809 [2008]).

Here, once Urban served his notice of intention to arbitrate upon State Farm on December 26, 2008, the 20-day period for

State Farm to move for a stay of the arbitration started to run and the subsequent service of the "Request for Arbitration" filed with the AAA did not reset the 20-day period (*see Matter of Government Empls. Ins. Co. v Castillo-Gomez*, 34 AD3d 477 [2006]). Consequently, the Supreme Court should have granted Urban's cross motion, regardless of State Farm's contention that there was insurance coverage for the adverse motor vehicle (*see Matter of State Farm Ins. Co. v Williams*, 50 AD3d at 809) or the Supreme Court's determination that an issue existed with respect to whether there was contact between Urban's vehicle and the motor vehicle which left the scene (*see Matter of AIU Ins. Co. v Orellana*, 18 AD3d 652 [2005]; *Matter of Merchants Mut. Ins. Co. v Anemone*, 271 AD2d 690 [2000]). Thus, the proceeding should have been dismissed as time-barred (*see Matter of Liberty Mut. Ins. Co. v Zacharoudis*, 65 AD3d at 1354; *Matter of Hermitage Ins. Co. v Escobar*, 61 AD3d at 869).

We have not considered State Farm's contention that Urban's notice of his intention to arbitrate was served in a manner intended to conceal its nature or to precipitate default, as it is improperly raised for the first time on appeal (*see Matter of Castillo v Town of Oyster Bay*, 70 AD3d 939 [2010]; *Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]).

Moreover, it was improper for the Supreme Court to have directed discovery in the event that the matter proceeded to arbitration since a failure to move to stay arbitration within the applicable 20-day time period is a bar to judicial intrusion into the arbitration proceedings (*see Aetna Life & Cas. Co. v Stekardis*, 34 NY2d 182, 186 [1974]). In addition, State Farm repudiated its liability for Urban's claim in its letter, dated April 8, 2009, disclaiming coverage, and could not thereafter insist upon adherence to the terms of its policy (*see Matter of State Farm Ins. Co. v Domotor*, 266 AD2d 219 [1999]; *see also Auerbach v Otsego Mut. Fire Ins. Co.*, 36 AD3d 840 [2007]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.