■    In the Matter of PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent, v FRANCISCO GARCIA et al., Appellants. [33 NYS3d 385]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, Francisco Garcia and Jaime Torres appeal from an order of the Supreme Court, Suffolk County (Santorelli, J.), dated May 28, 2015, which, upon finding that the proceeding had been timely commenced, granted the petition to permanently stay arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed as time-barred.

" 'CPLR 7503 (c) requires that an application to stay arbitration be made within 20 days after service of a notice of intention to arbitrate' " (*Matter of State Farm Mut. Auto. Ins. Co. v Urban*, 78 AD3d 1064, 1065 [2010], quoting *Matter of Liberty Mut. Ins. Co. v Zacharoudis*, 65 AD3d 1353, 1353-1354 [2009]; *see Matter of Nationwide Ins. Co. v Singh*, 6 AD3d 441, 443 [2004]). Unless a party makes an application for a stay of arbitration within the 20-day period, CPLR 7503 (c) precludes it from seeking a judicial determination on its objections to arbitration (*see Matter of State Farm Ins. Co. v Williams*, 50 AD3d 807, 808 [2008]; *Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d 636 [2008]). "As an exception to this rule, however, a motion to stay arbitration may be entertained when its basis is that the parties never agreed to arbitrate" (*Matter of CNA Ins. Co. v Carsley*, 243 AD2d 474, 475 [1997] [internal quotation marks, brackets, ellipsis and citations omitted]; *see Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 266 [1982]; *Matter of Progressive Specialty Ins. Co. v Louis*, 122 AD3d 637, 638 [2014]; *Matter of AIU Ins. Co. v Orellana*, 18 AD3d 652 [2005]). Here, Progressive Casualty Insurance Company (hereinafter Progressive) commenced this proceeding to permanently stay arbitration more than 20 days after service upon it by the appellants, Francisco Garcia and Jaime Torres, of their notices of intention to arbitrate.

Contrary to the determination of the Supreme Court, Progressive's contention that arbitration should be stayed on the ground that the appellants' accident did not involve an adverse "motor vehicle," but rather an all-terrain vehicle (*see Matter of Progressive Northeastern Ins. Co. v Scalamandre*, 51 AD3d 932, 933 [2008]), does not relate to whether the parties had an agreement to arbitrate. Rather, that issue relates to

whether certain conditions of the insurance contract were complied with so as to entitle the appellants to uninsured motorist benefits, and therefore, had to be asserted within the 20-day time limit set forth in CPLR 7503 (c) (*see Matter of State Farm Mut. Auto. Ins. Co. v Urban*, 78 AD3d at 1066; *Matter of AIU Ins. Co. v Orellana*, 18 AD3d 652 [2005]).

Moreover, Progressive failed to establish that the appellants' notices of intention to arbitrate were deceptive and intended to prevent it from timely commencing the proceeding (*see Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d 636 [2008]; *Matter of Nationwide Ins. Co. v Singh*, 6 AD3d at 444). The appellants' notices of intention to arbitrate complied with the requirements of CPLR 7503 (c), and the petitioner failed to proffer an affidavit by someone with personal knowledge to support its contention that the appellants' service of the notices of intention to arbitrate upon a certain post office box address used by Progressive to process no-fault claims prevented it from timely contesting the issue of arbitrability (*see Matter of Standard Fire Ins. Co. v Mouchette*, 47 AD3d at 636; *Matter of Nationwide Ins. Co. v Singh*, 6 AD3d at 444). Indeed, Progressive submitted a copy of a letter from its own claims representative to the appellants' counsel acknowledging receipt of the appellants' notices well within the 20-day period.

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding as time-barred.

In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Dickerson, Maltese and Barros, JJ., concur.