Matter of Ameriprise Ins. Co. v Sandy (2018 NY Slip Op 00828)





Matter of Ameriprise Ins. Co. v Sandy


2018 NY Slip Op 00828


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2016-11026
 (Index No. 701706/16)

[*1]In the Matter of Ameriprise Insurance Company, appellant, 
v
Oral Sandy, respondent.


Bruno, Gerbino & Soriano, LLP, Melville, NY (Nathan M. Shapiro of counsel), for appellant.



DECISION & ORDER
Appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated September 15, 2016. The order and judgment denied the petition pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, dismissed the proceeding, and denied, as academic, the respondent's motion to dismiss the proceeding as untimely.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
In this proceeding pursuant to CPLR aricle 75 to stay arbitration of an uninsured motorist claim, the insured, Oral Sandy, alleged that he was injured as a result of a "hit-and-run" accident that occurred on May 4, 2014. On May 13, 2015, Sandy's insurer, Ameriprise Insurance Company (hereinafter Ameriprise), commenced an action in New York County against Sandy, among others, seeking, inter alia, a declaration that the accident was excluded from coverage under the policy. On November 2, 2015, Sandy's attorney sent Ameriprise a certified letter, return receipt requested, requesting payment in full of the entire amount of the supplementary uninsured motorist (hereinafter SUM) coverage under the policy. The fourth paragraph of the letter contained a notice of intention to arbitrate, and stated that unless Ameriprise applied to stay arbitration within 20 days after receipt of the notice, Ameriprise would be precluded from objecting, inter alia, that a valid agreement to arbitrate was not made or complied with. On January 26, 2016, Sandy's attorney sent Ameriprise an American Arbitration Association request for arbitration form dated January 25, 2016. On February 12, 2016, Ameriprise commenced this proceeding to stay arbitration on the grounds, inter alia, that there was an action pending in New York County and that the underlying incident was not covered under the insurance policy. Sandy moved to dismiss the proceeding on the ground that it was not timely commenced. The Supreme Court denied the petition on the ground that it was untimely, dismissed the proceeding, and denied Sandy's motion as academic. Ameriprise appeals.
"Where an insurance policy contains an agreement to arbitrate, CPLR 7503 (c) requires a party, once served with a [notice of intention to arbitrate], to move to stay such arbitration within 20 days of service of such [notice], else he or she is precluded from objecting'" (Matter of Government Empls. Ins. Co. v Castillo-Gomez, 34 AD3d 477, 478, quoting Matter of Steck [State Farm Ins. Co.], 89 NY2d 1082, 1084). Here, the proceeding was not commenced within 20 days of the receipt of the November 2, 2015, notice of intention to arbitrate.
In order for the 20-day limitation period to be enforceable, the notice of intention to arbitrate must comply with the requirements of CPLR 7503(c) (see Government Empls. Ins. Co. v Castillo-Gomez, 34 AD3d at 478; Matter of Nassau Ins. Co. [Clemente], 100 AD2d 969, 970; State Farm Mut. Auto. Ins. Co. v Szwec, 36 AD2d 863, 863). Here, contrary to Ameriprise's contention, the November 2, 2015, notice complied with all the statutory requirements.
Ameriprise failed to establish that the November 2, 2015, notice of intention to arbitrate was deceptive and intended to prevent it from timely contesting the issue of arbitrability (see Matter of Progressive Cas. Ins. Co. v Garcia, 140 AD3d 886, 887; Matter of Standard Fire Ins. Co. v Mouchette, 47 AD3d 636, 637; Matter of Travelers Indem. Co. v Castro, 40 AD3d 1005, 1006). The notice was clearly set forth in the letter dated November 2, 2015. Moreover, Ameriprise failed to proffer an affidavit from someone with personal knowledge to support its contention that it was deceived (see Matter of Progressive Cas. Ins. Co. v Garcia, 140 AD3d at 887; Matter of Standard Fire Ins. Co. v Mouchette, 47 AD3d at 637).
Ameriprise's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly denied Ameriprise's petition as untimely, dismissed the proceeding, and denied Sandy's motion as academic.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court