Paro Mgt. Co., Inc. v Allied World Natl. Assur. Co.

2026 NY Slip Op 03237

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Paro Management Co., Inc. et al., Plaintiffs-Respondents,

v

Allied World National Assurance Company, Defendant-Appellant.

Decided and Entered: May 21, 2026

Index No. 655681/21|Appeal No. 6706|Case No. 2025-07259|

Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), and

Nicolaides Fink Thorpe Michaelides Sullivan LLP, Chicago IL (Mark J. Sobczak of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.

Schwartz, Conroy & Hack, PC, Garden City (Evan S. Schwartz of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about October 17, 2025, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Defendant issued a Scheduled Location Pollution Liability policy to Paro Management Co., Inc., effective January 22, 2019 to January 22, 2022, with plaintiff J&N Reality Associates, LLC named as an additional insured. The policy stated that defendant would cover a claim when it was "first made against [plaintiffs] during the policy period and reported to [defendant], in writing, during the policy period." However, the "Known Pollution" exclusion stated that coverage would not be available for a "pollution incident" that was known to the insured before the policy began. On May 25, 2021, defendant applied the exclusion and disclaimed coverage for a personal injury action against plaintiffs that alleged lead paint exposure.

The record demonstrates that plaintiffs were sued in the lead paint action in March 2017, nearly two years before the policy's inception. The process server's affidavits of service establish that the summons and complaint were delivered to plaintiffs' place of business and accepted by an individual identified as "Theresa N.," an employee and authorized agent. The affidavits are prima facie evidence of proper service (see HSBC Bank USA, N.A. v Gifford, 224 AD3d 447, 450 [1st Dept 2024]). The process server's deposition testimony, based on his standard practice, further supports the reliability of those affidavits.

In addition, defendant submitted evidence that, in March 2018, the summons and complaint and related default correspondence were delivered to plaintiffs by certified mail. The return receipts were signed by "T. Ricciardelli," plaintiffs' receptionist responsible for receiving legal documents. Her signature on a certified mail receipt gives rise to a presumption of receipt, which plaintiffs failed to rebut (see Matter of State Farm Mut. Auto. Ins. Co. [Kankam], 3 AD3d 418, 419 [1st Dept 2004]). Here, defendant's handwriting expert opined, to a reasonable degree of professional certainty, that the signatures on the certified mail receipts matched Ricciardelli's signature on her affidavit.

In opposition, plaintiffs failed to raise a triable issue of fact. The affidavits submitted by plaintiff's employees merely deny receipt of the pleadings and assert general office procedures for handling legal documents. Such conclusory denials are insufficient to rebut the presumption of proper service and receipt created by the affidavits of service (see HSBC,224 AD3d at 450). Nor does the discrepancy in the name "Theresa N." raise a material issue of fact, as minor variations in description do not defeat the presumption of proper service (see id.)

[*2]

The evidence establishes that plaintiffs had notice of the underlying action prior to January 22, 2019. The Known Pollution exclusion thus applies, and defendant properly disclaimed coverage. The motion for summary judgment should therefore have been granted.

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026